We cannot say that the trial judge erred in fixing the quantum of damage.

Plaintiff failed to prove any damage resulting from the alleged slander.

The judgment is therefore affirmed.

O'NIELL, C. J., absent.

141 So. 457

**ALTOM v. MT. VERNON OIL & GAS CO., Inc.**

No. 31127.

March 30, 1932.

Rehearing Denied April 25, 1932.

Foster, Hall, Barret & Smith, of Shreveport, for appellants Mt. Vernon Oil & Gas Co., Inc., and Union Indemnity Co. .

Watkins & Watkins, of Minden, for appellee.

LAND, J.

Plaintiff has brought this suit to recover the sum of $27, alleged to be due him for services performed in the operation of certain oil and gas wells on a lease owned by defendant company in Webster parish in this state.

Plaintiff has also sued defendant company for the further sum of $363, as the assignee of J. A. Deason, for services performed by him in the operation of the same wells on the same lease.

Plaintiff alleges that he and Deason were discharged by defendant company, without being paid the amount due to each of them, and that, notwithstanding demand made for the wages due plaintiff individually and due Deason, his assignor, said company has failed to pay same and is due plaintiff a penalty of $9 per day, and Deason a penalty of $10 per day, under Act No. 150 of 1920, until paid.

Plaintiff also claims, under Act No. 171 of 1928, a privilege for the amount of wages alleged to be due him and his assignor, and a privilege also for the amount of penalties alleged to be due each on the oil and gas wells located on the lease of defendant company, and on the drilling rigs, machinery, appurtenances, and appliances attached to the lease for the equipment and operation of the same, and also on the lease itself.

Plaintiff made the affidavit required by section 3 of Act No. 171 of 1928, and provisionally seized the lease, wells, rigs, machinery, etc.

Defendant company, appearing through its receiver, filed a motion to dissolve the writ of provisional seizure on various grounds.

The motion to dissolve was separately tried before a hearing on the merits.

The lower court sustained the motion to dissolve in so far as the lease was concerned, but otherwise overruled the motion.

On the merits of the case, judgment was rendered in favor of plaintiff for the principal amount sued for, and for the penalties claimed, but limiting the lien and maintaining the writ of provisional seizure only to the extent of the principal amount, interest and costs.

From this judgment, a devolutive appeal was taken by the receiver of defendant company.

The motion to dissolve the writ of provisional seizure issued in this case is based upon the following grounds:

(a) That no bond was furnished.

Act No. 171 of 1928 is an act to create a lien and privilege on oil and gas wells, etc., and to provide for the enforcement of same.

It is provided in section 3 of this act: "That any person having a lien and privilege as provided by Section 1 of this Act suing for his wages or other amount due him for such labor or service shall have the right to provisionally seize the lease, well or wells, rigs, and machinery, and appurtenances and appliances thereto attached for equipment and operation of the same, on which they have lien and privilege, by making an oath to the amount due, and that they verily believe the said lease, well or wells, is or are about to be discontinued, or rigs, machinery, appurtenances and appliances thereto attached are about to be sold or removed from the place where their service was performed so as to deprive them of their lien and privilege."

Act No. 171 of 1928 is a special statute enacted to protect labor by creating a lien or privilege on entirely new subjects, such as oil and gas wells, leases, etc., and providing for the enforcement of the act by a writ of provisional seizure.

In our opinion, the act is independent legislation, and, as no bond is required by its terms, none is necessary to secure the issuance of the writ of provisional seizure, provided for in section 3 of the act.

(b) The second ground for the dissolution of the writ of provisional seizure is that the property seized was not subject to any lien or claim or seizure at the instance of the plaintiff.

In discussing this ground for dissolution of the writ, defendant company states in its brief that it will be necessary to discuss the fourth ground (d) of the motion to dissolve, namely, that Act No. 171 of 1928, in so far as it grants a lien and privilege and right to provisionally seize the lease, is unconstitutional.

■■ The lower court so held, and properly so, as the word "lease" is not embraced within the title of the act. However, this fact does not affect the right of plaintiff to a lien and privilege and to a provisional seizure as to the wells, rigs, and machinery, etc., mentioned in section 3 of the act; and which were seized in this particular case, as these objects are expressly included in the title of the act, and section 3 is constitutional as to them.

(c) The third ground of the motion to dissolve the writ of provisional seizure is that the claim of plaintiff was not such a claim as entitled plaintiff to a lien and privilege or to writs of provisional seizure on the property.

Section 1 of Act No. 171 of 1928 provides: "That any person or persons who shall perform any labor or service in the operation of any oil or gas well or wells in this State shall have a lien and privilege on said oil or gas wells, rigs, and machinery, and appurtenances and appliances thereto attached for equipment and operation of the same, for the amount due for said labor or service."

The labor performed by plaintiff, James M. Altom, was "the cleaning out of a well," in which service he was engaged three days at $9 per day, or a total wage of $27.

■ It is a matter of common knowledge that oil wells have to be cleaned out in order to maintain anything like normal production.

It is clear, therefore, that the services performed by plaintiff constituted necessary labor "in the operation of an oil well," and come within the purview and protection of section 1 of Act No. 171 of 1928.

The plaintiff, James M. Altom, did not know, of his personal knowledge, the amount due by defendant company to J. A. Deason, his assignor. Deason was a production foreman. He was employed on the lease at $10 per day, and worked there over a month before plaintiff appeared on the scene. Deason kept the books, which were never examined at any time by plaintiff. Nor did · defendant company, through any of its agents, admit to plaintiff any indebtedness to Deason. Although plaintiff testified that he knew personally that defendant company owed Deason the amount sued for, $363, plaintiff has failed to disclose the source of his knowledge, which we are satisfied is based upon pure hearsay coming from Deason himself. Plaintiff is the only witness who testified as to the claims of himself and Deason, the latter being absent at the trial of the case.

■ As plaintiff has · failed to prove with legal certainty the amount due Deason for wages, it is clear that no penalties can be recovered for Deason under Act No. 150 of 1920, which makes the employer liable for the full time of the discharged laborer, from demand made at the place where the laborer is usually paid until he is paid the amount due him.

In addition to this, plaintiff has failed to prove that any demand was made by Deason at the usual place of payment, which is a prerequisite for the exaction of the penalty under the act.

■ Plaintiff, therefore, is not entitled to judgment either for the amount of wages or of penalties alleged to be due to Deason, his assignor.

■ Nor can plaintiff himself recover any penalties in this case, since he has failed to fix any particular date at which he made demand for payment, although he testified that demand was made by him upon defendant company.

■ (e) The last ground for the dissolution of the writ of provisional seizure is that the facts alleged in the affidavit upon which the writ was based were false and untrue.

Plaintiff has proven with legal certainty the amount of the wages due him, · to wit, $27; that he is entitled to a privilege under Act No. 171 of 1928 by virtue of the services performed by him; and that the property was being moved away from the lease before the writ of provisional seizure issued. Tr. 35.

The entire record in the case was offered in evidence by plaintiff, and also the affidavit of the labor lien against defendant company, made by J. A. Deason and James M. Altom, this affidavit appearing at page 6 of the transcript. Tr. 36, 37.

It is provided in section 2 of Act No. 171 of 1928: "That said lien shall prime any subsequent mortgage or lien on said property, provided a notice of said claim setting forth the nature and amount thereof be filed for record in the office of the Clerk of Court of the Parish where said property is located within forty-five days after said labor or service be performed."

Section 2 of the act does not require that the notice of claim shall be sworn to, consequently the registry of the claim is not intended as prima facie proof of its amount, but only to give the lien precedence over any subsequent mortgage or lien on the property.

It follows, necessarily, that this notice, although sworn to by the claimants in this case, did not have the effect, when offered in evidence, of making prima facie proof of either plaintiff's claim or of the claim of Deason, his assignor.

Defendant company complains that it was not allowed damages for the dissolution of the writ of provisional seizure. The writ was not dissolved, except as to the seizure of the lease, leaving the writ intact and in full force as to the other property seized. The ground for the partial dissolution of the writ is based by the trial judge solely upon the unconstitutionality of Act No. 171 of 1928 in part, and not upon the ground that the affidavit made by plaintiff for the writ was false and untrue. It is true that the motion to dissolve was tried separately from the merits, and that the only evidence adduced was as to attorney's fees as damages for the dissolution of the writ.

However, on the trial of the merits, plaintiff proved all of the allegations contained in the affidavit for the writ, without objection from counsel for defendant company, and the trial judge acted upon the case as a whole in rendering judgment.

The damages for attorney's fees in this case are predicated upon the dissolution of the writ as a whole, and not upon its dissolution merely as to the seizure of the lease.

Conceding the right of defendant company to a reasonable attorney fee for the recovery of property not liable to seizure and unlawfully detained, there is no evidence in the record as to the value of the services of the attorneys for defendant company in obtaining the release only of the lease seized, as distinguished from the dissolution of the writ as to the entire seizure, which has been prayed for upon numerous grounds.

We do not find it possible, therefore, to estimate the attorney's fees in this case. The trial judge evidently found himself in the same situation, as no attorney's fees were allowed defendant company for a partial dissolution of the writ of provisional seizure as to the lease.

It is ordered that the judgment appealed from be annulled and reversed.

It is now ordered that there be judgment in favor of James M. Altom, plaintiff, against E. N. Wood, receiver of defendant company, Mt. Vernon Oil & Gas Co., Inc., in the sum of $27, with 5 per cent. per annum interest thereon from judicial demand until paid; that the writ of provisional seizure herein issued be maintained, except as to the seizure of the lease, as to which said writ is hereby dissolved; that the lien and privilege of plaintiff as laborer on the property provisionally seized herein, except the lease, be recognized and enforced according to law; that the claim of defendant company for damages as attorney fees for dissolution of the writ of provisional seizure as to the lease be dismissed as of nonsuit; and that E. N. Wood, receiver of defendant company, Mt. Vernon Oil & Gas Co., Inc., pay all costs.