146 So. 32

## BASINGER v. MT. VERNON OIL & GAS CO., Inc.

### No. 31635.

Nov. 28, 1932.

Rehearing Denied Jan. 30, 1933.

Foster, Hall, Barret & Smith, of Shreveport, for appellant.

Foster, Hall, Barret & Smith and Thatcher, Browne, Porteous & Myers, all of Shreveport, for Fidelity & Casualty Company of New York.

Watkins & Watkins, of Minden, for appellee Eugene Basinger.

BRUNOT, J.

This suit is brought by the plaintiff for himself and as assignee of the claims of other persons, pursuant to the provisions of Act No. 47 of 1928. The sum claimed is $803, together with the penalties authorized, in certain cases, by section 2 of Act No. 150 of 1920, and five per cent. per annum on said sum, and penalties from judicial demand. The prayer is for judgment accordingly, and for the provisional seizure of the property described in the petition; there being included in said description an oil and gas lease. The provisional seizure of the property followed, and, on the trial of a motion to dissolve the seizure, the seizure was maintained as to all the property seized except the oil and gas lease. The defendant obtained the release of the seized property on furnishing a forthcoming bond with the Fidelity & Casualty Company of New York as the surety thereon. On the trial on the merits, judgment was rendered in favor of the plaintiff for the principal amount, penalties, and interest sued for, but limited the lien and maintained the provisional seizure upon the property seized, except as to the oil and gas lease, only to the extent of the principal amount, interest thereon, and costs, and the Fidelity & Casualty Company of New York appealed therefrom.

The issues raised in this case, which were decided in the case of James M. Altom v. Mt.

Vernon Oil & Gas Co., Inc., 174 La. 775, 141 So. 457, need not be considered.

■ We have carefully read the record and the testimony taken in the Altom-Oil & Gas Company Case, which, by agreement of counsel, is consolidated with and made a part of this record, and we find that the testimony establishes to a reasonable certainty that the services performed by the plaintiff and his assigns were as laborers. All of them, except the plaintiff, were engaged exclusively in manual labor, and the plaintiff served the defendant in the dual capacity as a laborer and boss, or supervisor of the other laborers. As laborers, they are entitled to a lien upon the wells, rigs, etc., they operated. It is shown that when the plaintiff and his assigns were discharged, some of them on June 3, 1930, and the others on June 6, 1930, each one was paid a part of the wages then due him in cash, and for the balance due each accepted the promissory note of defendant, payable July 1, 1930. They therefore voluntarily waived their right to payment, in full, within twenty-four hours after their discharge, and, for that reason, the plaintiff cannot now successfully assert a claim for judgment against the defendant for the penalties provided for in section 2 of Act 150 of 1920.

In Deardorf v. Hunter, 160 La. 214, 106 So. 831, this court decided as follows:

"Act No. 150, of 1920, making employer failing to pay discharged employees within 24 hours after demand liable for wages from demand until paid or tendered, held not to preclude equitable defense against penalty."

■ In all other respects we find the judgment correct. It is therefore decreed that the judgment appealed from be, and it is, amended by striking out of the judgment the words "and the further sum of Ten Dollars per day from June 6th, 1930, until paid as penalties and the further sum of Seventeen Dollars per day from June 3rd, 1930 until paid as penalties," and, as thus amended, the judgment is affirmed. As the amendment is for a substantial sum, the appellee is taxed with the costs of the appeal.