JANVIER, Judge.
Caesar Ruffin, father of his minor daughter, Judy Ruffin, brought this suit on behalf of his daughter in an effort to collect wages alleged to be due for domestic service rendered by the daughter to Mrs. Barbara B. Klein and for which she had not received payment. Claim is also made for the penalty provided by LSA-R.S. 23:631 and 23:632, as amended by Act 422, section 1 of 1964, and for a reasonable attorney’s fee as is also provided for.
No answer was filed by defendant and no appearance was made, and the matter was presented in the Second Parish Court for the Parish of Jefferson on motion for con *46 firmation of default. At the conclusion of the evidence which was presented by plaintiff there was judgment dismissing the suit “with prejudice.” The matter is now before us on devolutive appeal. The judge a quo felt that the proof offered had not made certain the rate of pay nor the term of employment and, in his reasons for judgment, said:
“The court is of the opinion, that, after hearing the testimony of the minor child, that it has not been clearly established that a contract for the services has been established in that there was no definite amount of hours or days that work was performed by this girl.
“And, that upon a direct examination the witness was vague and could not give consistent statements.”
It is very true that there is much uncertainty in the evidence offered by the daughter in the early part of her testimony and also by the testimony of her father as to the daily rate of pay, and also as to the term of employment, but the evidence as a whole makes it absolutely certain that there was employment, that domestic services were rendered and that no payment has been received, and, near the end of her testimony the daughter on whose behalf this suit is brought, definitely stated that the daily rate of pay was $5.00 and that she had performed the services for five days which would make the total amount, which was due and has not been paid, $25.00. That this is the correct amount is made evident by the fact that the defendant gave the young woman a check for $25.00 which the bank on which it was drawn refused to hon- or on the ground that the defendant had not sufficient funds on deposit.
Accordingly, we have no doubt at all that the daughter was entitled to $25.00; that it has not been paid and that, therefore, she is entitled to that amount and, in addition, to the penalty which is provided by the statute as amended. This amendment provides that:
“Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety day’s wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages.”
It is interesting to note that originally the penalty provisions referred to continued to run until payment should finally be made regardless of how long this might be and that the amendment which was made by Act 422 of 1964 has limited this period to ninety days. See Jarrett v. Climatrol Corporation, La.App., 185 So.2d 63.
The only remaining question presented is whether the demand for payment which is required was actually made. The daughter, Judy Ruffin, stated that demand had been made but she gave no definite date. Caesar Ruffin, the father, said that he had made an effort to collect the money and had “called the Gretna jail house” and that an escort had been given him and that he and the escort went to the residence of the defendant but that “she couldn’t be found.” In addition, Caesar Ruffin, the father, stated that he had employed an attorney and that a letter in the. name of Judy Ruffin, his daughter, had been written to the defendant at her place of residence, and had been sent by registered mail, and had been returned with the note “no response, left notice 8/7/67.” If the statement of the daughter and the above quoted testimony of the father is not sufficient to prove that demand was made, the fact that the suit was filed and that personal service was made on the defendant clearly established the fact that demand was made and also the date on which it was made. We can think of no more formal demand than that which is contained in a suit in which personal service is made on the defendant. Accordingly, we conclude that the demand was made on the date shown in the return which was October *47 3, 1967 and that accordingly, plaintiff is entitled to a penalty of $5.00 a day for ninety days commencing at that time.
Since a “reasonable” attorney’s fee is also provided for in the referred to statute, an attorney’s fee is due. A reasonable fee for the services rendered is $100.00.
Accordingly, the judgment appealed from is annulled, avoided and reversed and there is now judgment in favor of plaintiff Caesar Ruffin for the use and benefit of his minor daughter, Judy Ruffin, in the full amount of $475.00, together with an attorney’s fee of $100.00 and legal interest from the date of the finality of this decree and for all costs.
Reversed.