263 So.2d 119 (1972)
Lawrence JONES
v.
Leon LeBLANC and O. J. Lapeyrousse.
No. 8844.
Court of Appeal of Louisiana, First Circuit.
May 29, 1972.
*120 Ralph D. Hillman, Thibodaux, for appellant.
Leroy G. Johnson, and Maurice P. Mathieu, Houma, for appellees.
Before LANDRY, BLANCHE and TUCKER, JJ.
BLANCHE, Judge.
Plaintiff, Lawrence Jones, husband of Mary Jones, brought this suit under the provisions of LSA-R.S. 23:631 and R.S. 23:632 to recover the penalty for unpaid wages allegedly due his wife as a result of the termination of her employment by defendants, Leon LeBlanc and O. J. Lapeyrousse. The defendant LeBlanc and defendant Lapeyrousse's wife, Nancy Lapeyrousse, operated a beauty shop known as "Beauty Unlimited" and employed Mary Jones as a shampoo girl. The plaintiff's demand was for ninety days' wages at a daily rate of $10.00 per day or $900.00 plus reasonable attorney's fees and all court costs under the provisions of R.S. 23:631[1] providing that wages must be paid by the employer within twenty-four hours of termination of the employment upon demand being made on the employer and under the provisions of R.S. 23:632[2] providing for a *121 penalty of ninety days' wages at the employee's daily rate of pay or else full wages from the time of employee's demand for payment until employer pays or tenders the amount of unpaid wages due, whichever is the lesser amount, and for reasonable attorney's fees.
Plaintiff alleged that his wife, Mary Jones, was only paid $18.00 upon termination of her employment, whereas she was due the sum of $32.00 for work on Saturday, September 20, 1970, Monday, September 22, 1970, Tuesday, September 23, 1970, and two hours on Wednesday, September 24, 1970. At trial counsel for plaintiff sought to amend his pleadings to change the days of work to Saturday, September 20, 1970, Tuesday, September 23, 1970, Wednesday, September 24, 1970, and two hours on Thursday, September 25, 1970, the day her employment terminated, which would be the same number of days but different days from those originally set out. The amendment was objected to by counsel for defendants, and the Court disallowed the amendment but allowed the evidence subject to the objection.[3]
After taking the case under advisement, the trial judge, without assigning any reasons therefor, rendered judgment for plaintiff, Lawrence Jones, and against both defendants, in solido, in the sum of $12.50, together with legal interest from date of judicial demand and for all costs of court.
Plaintiff has devolutively appealed, contending on appeal that the trial court erred by failing to inflict the penalty of ninety days' wages or $900.00 as provided by R.S. 23:632 and further by failing to award plaintiff reasonable attorney's fees for the institution and prosecution of the suit as provided by R.S. 23:632. The defendants contend on appeal that the trial court erred in finding wages due to plaintiff's wife in the sum of $12.50, arguing that plaintiff failed to give defendant the necessary demand or notice as required by R.S. 23:631, that there was a bona fide dispute as to the amount of wages due and that no contract of employment or wages was proved by plaintiff upon whom the burden of such proof rested.
We will amend the award in favor of plaintiff and give judgment in accordance with the penalty provisions of the statute.
The dispute as to the amount of wages due plaintiff's wife centers around the terms of her employment. Mary Jones testified she was hired by the defendant LeBlanc at a salary of $50.00 per week. The defendant LeBlanc denied that he hired plaintiff's wife and testified that she was hired by defendant Lapeyrousse's wife, Nancy Lapeyrousse. At one point in his testimony he corroborated Mary Jones by testifying that her pay was $50.00 per week. He also testified that each operator was to pay her $2.00 per day and that the shop was to make up the rest of her salary and that he was informed of this arrangement by Mrs. Nancy Lapeyrousse, who the evidence shows was responsible for managing the beauty shop. In other testimony he seemed to contradict the fact that Mary Jones would receive $10.00 per day, as she would not be paid by those operators who did not work. He also testified when counsel asked him to deny that Mary Jones was guaranteed $10.00 per day, "Well, I do not know what went on between Mrs. Jones and Mrs. Lapeyrousse in the back. All I know is what I was told." There is *122 no testimony in the record from defendant's wife, Nancy Lapeyrousse.
Mrs. Chris Richard, a beauty operator employed by defendants, testified that each beauty operator was to pay $2.00 per day for Mary Jones' services and this amount was taken out of their checks. She also testified that there were five operators and that they all did not work every day. The defendant LeBlanc also corroborated the fact that all five operators did not work every day. The obvious conclusion to be drawn from this fact is that if plaintiff's wife's salary was dependent on the number of beauty operators who worked each day her salary would never have been $50.00 per week. However, the evidence shows that plaintiff's wife was paid $50.00 per week as evidenced by the stubs from her pay checks over an eleven-week period. We believe that plaintiff established that his wife's pay was $50.00 per week or $10.00 per day and that defendants owed her $30.00 wages for three days' work and only paid her $18.00 upon termination of her employment and that there was no bona fide dispute as to the amount of wages due.
Plaintiff made demand for his wife's wages on Saturday, September 27, 1970, the date on which payment of wages was usually made by the defendants. This demand for payment was corroborated by the defendant LeBlanc who testified that plaintiff's wife complained to him that her check was short. Thereafter, he testified that plaintiff called him and demanded $12.00 more and when he attempted to explain why the check was short plaintiff became angry and threatened his life. We are of the opinion that the foregoing constitutes sufficient demand for payment under the provisions of R.S. 23:631 and that such demand may be either written or oral. The case of Altom v. Mt. Vernon Oil & Gas Company, 174 La. 775, 141 So. 457 (1932), cited by defendants is inapposite. In that case the plaintiff, suing under the provisions of the source act of the present law, simply failed to fix any particular date on which he made demand for payment, although he testified that demand was made by him upon the defendant company.
We have no quarrel with the proposition that the foregoing provisions being coercive or penal in nature must be strictly construed and that courts will refuse to allow penalties if the employer has some equitable justification for not paying wages timely, Harrison v. First National Funeral Homes, Inc., 244 So.2d 102 (La.App. 3rd Cir. 1971), writ refused, 258 La. 345, 246 So.2d 195, but when plaintiff proves that wages are due and demand is made therefor and a refusal to pay them occurs, then we have no hesitancy to invoke the penalties provided for therein. The defendants do not claim any equitable defense but contend that plaintiff's wife was paid the wages which were due her. This issue has been decided adversely to defendants by both the trial judge and this Court. We, therefore, are of the opinion that the penalty provisions of R.S. 23:632 should be assessed against defendants.
The penalty provisions of R.S. 23:632 make the employer liable for either ninety days' wages at the employee's daily rate of pay or else for full wages from the time of the employee's demand for payment until the employer shall pay or tender the amount of unpaid wages to such employee, whichever is the lesser amount of penalty wages. More than ninety days has elapsed from the time of demand, and the defendants have never made any tender of the wages due plaintiff's wife. Therefore, plaintiff is entitled to a judgment for ninety days' wages at his wife's daily rate of pay of $10.00 or $900.00. Plaintiff is also entitled to reasonable attorney's fees which we fix at $300.00.
For the above and foregoing reasons, the judgment of the district court in plaintiff's favor is amended as hereinabove noted and is otherwise affirmed, all costs to be paid by defendants-appellees.
Amended and as amended, affirmed.
NOTES
[1] LSA-R.S. 23:631 reads as follows:

"It shall be the duty of every person, employing laborers or other employees of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twentyfour hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid."
[2] LSA-R.S. 23:632 reads as follows:

"Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety day's wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorneys' fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a wellfounded suit for any unpaid wages whatsoever be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation. As amended Acts 1964, No. 422, Section 1."
[3] The trial judge should have allowed the amendment, as it did not introduce any new issue in the case and was only offered to conform with what counsel represented would be the evidence, and opposing counsel could not show that such an amendment would prejudice him in his defense on the merits. LSA-C.C.P. Art. 1154.