281 So.2d 463 (1973)
Marvin MITCHELL et al.
v.
Joseph FEIN, Jr. d/b/a Court of Two Sisters.
No. 5405.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1973.
*464 R. M. Mathews, for plaintiff-appellee.
Joseph W. Nelkin, New Orleans, for defendant-appellant.
Before REDMANN, STOULIG and BAILES, JJ.
REDMANN, Judge.
Substituted defendant employer, Joseph Fein Caterer, Inc., operator of a restaurant, appeals from a judgment awarding, to two employees discharged for attempted theft, maximum penalties under R.S. 23:632 for failure to pay earned wages timely after discharge.
The employer's duty under R.S. 23:631 is, "within twenty-four hours after such discharge or resignation, to pay * * * upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid."
Appellee Lee testified he telephoned his store room supervisor and "he told me there was no check for me. He didn't have one." Lee made no further demand.
Appellee Mitchell testified he went to the restaurant and asked the "time keeper," from whom he usually got his check, for his check and she sent him to the comptroller, who "told me Mr. Fein had my check and he wasn't going to release it." Mitchell had taken a friend as a witness. The friend corroborated the seeing of the comptroller (the comptroller denied the visit) but testified "He told [Mitchell] he didn't have [the check]. Mr. Fein had it and he had to see him. As far as a reason, I didn't hear him say anything."
The penalty statute is strictly construed; Mitchell v. First Nat. L. Ins. Co. of La., 236 La. 696, 109 So.2d 61 (1959). Its wording requires demand "at the place where * * * usually paid." Proof of demand at that place is necessary; Altom v. Mt. Vernon Oil & Gas Co., 174 La. 775, 141 So. 457 (1932).
A telephone call to the person who formerly distributed checks is thus not in itself compliance with the statutory requirement. Perhaps being advised, upon telephoning, by a person in authority that the wages will not be paid would relieve one of the need of further demand (and readiness to accept delivery) at the place of usual payment as an act known beforehand to be futile. (Compare Jones v. LeBlanc, La.App.1972, 263 So.2d 119.) But that was not the response Lee got; he was told only that the man who ordinarily had his check "didn't have one" for him.
The demand by Mitchell, though at the correct place, also did not meet refusal. To the contrary, according to Mitchell's witness, he was told that Mr. Fein had the check. Mitchell's witness, who accompanied Mitchell in order to provide corroboration, does not corroborate Mitchell's testimony of being told Fein "wasn't going to release it." We conclude that Mitchell has at best proved that he was told Fein had his check, and Mitchell (whether because of embarrassment, fear of confrontation, or whatever) declined to go to Fein.
Nor does Ruffin v. Klein, 209 So.2d 45 (La.App. 1968), oblige us to treat citation in a law suit as satisfactory compliance with the statutory requirement of demand at the place of usual payment. Ruffin does not depend upon its alternative reasoning that "personal service * * * clearly established that demand was made * * *." There was uncontradicted testimony of demand at the place of usual payment by the minor employee. The indefiniteness of the date of the minor's demand was immaterial since judgment came far beyond the 90 days of maximum penalty.
The judgment appealed from is reversed insofar as it awarded penalties and attorney's fees, and is affirmed in awarding unpaid wages, thus making judgment against Joseph Fein Caterer, Inc. in favor of Marvin Mitchell for $72.85 and in favor of Michael Carl Lee for $59.81; defendant is to pay trial court costs after citation and until trial judgment; all other costs to be paid by plaintiffs.