290 So.2d 800 (1974)
Charles PITTMAN
v.
Lucien EYRAND and Harvey Hayes.
No. 5750.
Court of Appeal of Louisiana, Fourth Circuit.
February 7, 1974.
Fine & Waltzer, Bruce C. Waltzer, New Orleans, for plaintiff-appellant.
Noble, Moon, Slaughter & Clayton, William H. Slaughter, III, New Orleans, for defendant-appellant.
Before GULOTTA, J., and GAUDIN and ZACCARIA, JJ. Pro Tem.
GULOTTA, Judge.
This is an appeal by a defendant-employer from a judgment awarding the plaintiff-employee $53.82 in past due wages, plus penalties in the sum of $900.00 and *801 $1.00 in attorney's fees based upon LSA-R.S. 23:631 and LSA-R.S. 23:632. The employee seeks in his appeal an increase in the amount of the attorney's fees.
The facts are that Charles Pittman was employed by Lucien Eyrand as a porter in Eyrand's Bourbon Street lounge, known as "The Living Room" and worked for a period of 24 days at a rate of $10.00 per day. Plaintiff claims he was not paid any part of the $240.00 due in wages. The only questions presented in this appeal are whether and to what extent Pittman was paid, and, if he was not paid, whether under LSA-R.S. 23:631 and LSA-R.S. 23:632 he is entitled to penalties and attorney's fees. Suit was dismissed against co-defendant Harvey Hayes, and Pittman does not appeal that dismissal.
In answer to plaintiff's claim for wages, Eyrand contends that throughout the 24 day period in which Pittman worked he was given advances which, when added to the taxes due and Social Security withheld, left Pittman with a balance due of seven cents. Eyrand's position is that when each payday came, Pittman had drawn more than he had earned.
The trial judge found as a matter of fact that Pittman was paid all but $53.82. The record supports this conclusion. Plaintiff testified as to the number of days he worked, the rate of pay he was supposed to receive, but that he received nothing. That was the extent of the plaintiff's evidence.
To rebut this evidence, Eyrand offered several witnesses, the most important of which was Harvey Hayes. Hayes stated that advances were made to Pittman at various times in such amounts so that upon the termination of employment Pittman was owed seven cents. To corroborate this testimony, 5 × 8 note cards were introduced in evidence bearing various dates, the name of plaintiff, and a dollar figure beside the name. Hayes testified that these were prepared by him, and that they were used to determine how much money he had advanced to the various employees of the Living Room, and particularly Charles Pittman. He further testified that the cards were not executed contemporaneously with the advances, but that it was his practice to initially enter the various advances into a notebook. Later, relying on the notebook, he would transpose the figures onto note cards. Hayes stated that the notebook had been lost between the date Pittman's employment was terminated and the trial, so the notebook was never introduced into evidence. Several of the cards had also been lost and could not be produced at the trial. Although $240.00 was earned, the cards that were introduced showed that only $142.00 had been paid, leaving a balance of $53.82 when taxes and Social Security were withheld. Hayes claimed the lost cards would substantiate that Pittman is owed only seven cents.
Various other employees of the Living Room testified that they had received advances from Hayes, just as Hayes claimed he had given to Pittman. They stated that they had actually been present when Pittman received money from Hayes.
The testimony of Pittman that he was owed the $240.00 simply is not realistic or believable. Obviously, draws had been made by Pittman. Several witnesses so testified, and the employee's note cards substantiate that testimony. It is inconceivable that Pittman would have continued to work 24 days without any compensation whatsoever.
The finding of the trial judge that $53.82 was owed was obviously based upon his examination of the note cards which showed that amount could not be accounted for by the employer. We find this determination to be correct.
We now consider the more difficult determination of the applicability of LSA-R. *802 S. 23:631 and LSA-R.S. 23:632. LSA-R. S. 23:631 reads as follows:
"It shall be the duty of every person, employing laborers or other employees of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid."
LSA-R.S. 23:632 reads as follows:
"Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days' wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney's fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation."
Despite the mandatory language contained in LSA-R.S. 23:632, it is the settled jurisprudence of this state that these penal provisions must be strictly construed, and that an employer may interpose an equitable defense to the imposition of statutory penalties. Mitchell v. First National Life Insurance Co. of La., 236 La. 696, 109 So.2d 61 (1959); Harrison v. First National Funeral Homes, Inc., 244 So.2d 102 (La.App. 3rd Cir. 1971), Writ Not Considered, 258 La. 345, 246 So.2d 195 (1971).
Our courts have not permitted the imposition of the penalties provided under LSA-R.S. 23:632 when wages are withheld by the employer without the right to do so, unless the employer is found to be motivated by bad faith or is arbitrary or unreasonable. See Becker v. Choate, 204 So.2d 680 (La.App. 3rd Cir. 1967). Nor have penalties and attorney's fees been awarded where there is a bona fide dispute as to wages due, and the employer refuses to pay the disputed wages. See Clevy v. O'Meara, 236 La. 640, 108 So.2d 538 (1959). The statutory provisions on penalties and attorney's fees were enacted in order to protect employees from being taken advantage of by unscrupulous employers who wrongfully refuse payment of wages. It was not intended to apply to situations in which the employer in good faith refuses wages due. Applying the jurisprudence to the instant matter, we conclude the trial judge erred in awarding penalty wages and attorney's fees.
Although there were no written reasons for judgment, the record does not show that the trial judge believed the refusal to pay was arbitrary or unreasonable, nor does it show that the judge believed Eyrand was motivated by bad faith. To the contrary, it appears that the trial judge concluded when back wages are due, penalties and attorney's fees are to be assessed. This is error. In order for us to hold that Eyrand acted in bad faith, we would be required to find that Eyrand knew that there were wages still unpaid. Implicit in that finding would be the further finding that Harvey Hayes gave perjured testimony when he stated that there were note cards that had been lost which would show that Charles Pittman was owed only seven cents. The record simply does not substantiate such a finding. On the contrary, it shows that there was a bona fide dispute between the parties as to unpaid wages.
*803 We would not hesitate to impose the sanction set forth in the statute were we convinced that defendant was in bad faith. However, in this case, the record does not show the requisite bad faith on the part of the employer. In such an instance, the employer cannot be cast for the assessment of penalties and attorney's fees under LSA-R.S. 23:632.
Therefore, the judgment is amended to delete therefrom any award to plaintiff for penalties and attorney's fees. As amended, the judgment is affirmed. Judgment is now rendered in favor of plaintiff for unpaid wages in the sum of $53.82 with interest thereon from date of judicial demand until paid. All costs including those on appeal are to be paid by the defendant-employer.
Amended and affirmed.
H. CHARLES GAUDIN, J. pro tem., dissents with written reasons.
H. CHARLES GAUDIN, Judge Pro Tem (dissenting).
In the District Court, appellant Charles Pittman petitioned for $240.00 in unpaid salary plus statutory penalties and attorney fees. Despite the fact that there were no cancelled checks or executed receipts, the Trial Judge nonetheless concluded, upon the testimony of several witnesses, that Pittman had been paid $186.18.
Pittman was thus awarded $53.82 plus penalties and attorney fees.
The foregoing opinion of this Court affirms the $53.82 award but eliminates the penalty award and the token attorney fee.
It has now been judicially determined, twice, that Pittman was not paid 22.4 per cent of his salary; and to recover this from his employer, he had to retain counsel.
There was sufficient testimony upon which the Trial Judge based the $53.82 award, and I do not find fault with this. Further, I believe that the Trial Court's award of statutory penalties and attorney fees should not be disturbed, there being sufficient evidence to justify these awards, although the attorney fee should, in my opinion, be increased.