BERTRAND, Judge.
Cenia Beverage, Inc., appeals from a judgment awarding to its former employee, Andrew J. Lowery, penalties and attorney’s fees under LSA-R.S. 23:632 for failure to. pay timely his earned wages after demand. The trial court awarded $1,860.00 in penalties and $750.00 for attorney’s fees. We affirm.
Lowery worked for Cenia as a truck driver from May 14, 1974 through May 17, 1974, and May 20, 1974 through May 22, 1974. His salary was $20.00 a day.
On May 22, 1974, Lowery drove a company-owned truck into the gate at Cenla’s plant in Alexandria, causing damage in the amount of $30.00. Lowery reported this accident to a superior. Cenia contends that on the same day Lowery damaged a building owned by Central Bottling Corporation in Jennings, Louisiana, by driving his truck into it. The extent of damage to the building was in the amount of $244.00. Although Lowery disputed this contention at trial, testimony showed that a Mr. Chal-ette had reported to the president of Cenia that Lowery had driven his truck into the building.
On May 23, 1974, Lowery’s wife telephoned Cenla’s office to report that her husband was ill. The following day, Mrs. Lowery appeared at Cenla’s office asking for her husband’s check. Because it was Cenla’s policy to pay its employees one week following the week in which the wages were due, the check received by Mrs. Lowery covered the pay period of May 14 through May 17. Mrs. Lowery neither demanded nor received Mr. Lowery’s wages for May 20 through May 22.
On May 31, 1974 Lowery telephoned Mr. Leo P. Dobard, Jr., the president and manager of Cenia. Lowery demanded his remaining pay in the amount of $60.00 for the time period extending from May 20 through May 22, 1974. Mr. Dobard refused payment, and stated that he must *437 first determine the extent of damages to the gate in Alexandria and the building in Jennings before any payment would be forthcoming. It was Mr. Dobard’s position that the amount necessary to repair these damages would be taken from the pay due Lowery. Mr. Dobard told Lowery that he would be willing to give him a written acknowledgment that he had worked those three (3) days and earned wages of $60.00. Lowery refused Mr. Dobard’s offer.
After Mr. Dobard’s refusal, Lowery contacted the Louisiana Department of Labor on June 5, 1974, and filed a labor claim for $60.00 in wages. On June 10, 1974, Mrs. Melba Guillot, an employee of the Labor Department, contacted Mr. Dobard regarding Lowery’s claim. Again Mr. Dobard refused to pay Lowery’s wages and told Mrs. Guillot of his intention to withhold payment of the wages until the property damages were determined.
Lowery filed this suit on September 3, 1974, claiming his earned wages (he mistakenly claimed $70.00 rather than the $60.00 actually owed), as well as $1,750.00 as wages for a ninety (90) day period due from May 14, 1974 plus reasonable attorney’s fees under the provisions of LSA-R. S. 23:632. In answer, Cenia reconvened for damages in the amount of $214.00 allegedly owed for the repair of its gate and the warehouse at Central Bottling Corporation. Cenia thereby implied that it credited Lowery with the $60.00 wages due him.
Lowery denied knowledge of any damage to Central Bottling Company’s premises. Lowery also filed a third party demand against Fireman’s Fund and American Insurance Company, alleging that if he was found culpable for those damages, the insurance company, as liability insurer of the truck driven by him, would be liable to him because he was insured under the policy. Fireman’s Fund thereafter paid to Cenia the sum of $244.00. Apparently, this payment by Fireman’s Fund to Cenia was triggered by Cenla’s payment of the same amount to Central Bottling Company for the damage to its building.
After Cenia received this payment from Fireman’s Fund, its attorney wrote to Lowery’s attorney to inform him of this payment, and admitted to owing and offered to pay to Lowery $30.00. Lowery refused to dismiss the suit against Cenia but did dismiss his third party demand against Fireman’s Fund.
Cenia amended its answer to show that it had been reimbursed by its insurer for the damages paid to Central Bottling Company and to claim that Lowery was now entitled to $30.00 in wages after the $30.00 expenditure for the repair of Cenla’s fence had been subtracted from the $60.00 in wages due. Cenia deposited the $30.00 in the trial court’s registry as a legal tender of the amount allegedly due.
The trial court awarded Cenia, plaintiff in reconvention, the sum of $30.00 for the damage to its gate. Lowery did not appeal from this judgment.
LSA-R.S. 23:631 reads as follows:
“It shall be the duty of every person, employing laborers or other employees of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, with twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid.”
Cenia alleges that the trial court erred in granting judgment to Mr. Lowery because:
1. Lowery did not make sufficient demand for his wages; and
2. Cenia withheld Lowery’s wages in good faith and the reasons for doing so constituted equitable defenses.
*438 I. SUFFICIENT DEMAND
At trial, Lowery admitted that there was no demand made for the second week’s wages by his wife on May 24, 1974. However, the trial court found that Lowery made sufficient demand when he telephoned Mr. Dobard on May 31, 1974 to apprise him of his termination as an employee of Cenia and to ask for the wages due for May 20 through May 22, 1974. The trial court did not hold, as Cenia contends, that the demand by Mrs. Guillot on June 10, 1974 would have constituted sufficient demand. Instead, it was held that the demand by Mrs. Guillot merely strengthened Lowery’s position that his demand was in earnest.
Cenia urges that under the language of the statute Lowery should have personally come to Cenla’s place of business to make his demand. It cites Mitchell v. Fein, 281 So.2d 463 (4th Cir. La.App.1973), for the proposition that telephoned demands are not sufficient under the statute. However, the facts in Mitchell are different from those in the case now before us. In Mitchell, the telephone call by the plaintiff was to the person who formerly distributed checks to the defendant’s employees. In the present case, Lowery telephoned Mr. Dobard, the president and manager of Cen-ia. The court in Mitchell said:
“A telephone call to the person who formerly distributed checks is thus not in itself compliance with the statutory requirement. Perhaps being advised, upon telephoning, by a person in authority that the wages will not be paid would relieve one of the need of further demand (and readiness to accept delivery) at the place of usual payment as an act known beforehand to be futile.”
Lowery, in the instant case, did telephone “a person in authority” to whom he made his demand. It is the opinion of this court that such a demand is sufficient. (See also Jones v. LeBlanc, 263 So.2d 119 (1st Cir. La.App.1972), where an angry husband’s telephone demand for his wife’s wages was found to be sufficient under the statute.) It is true that the statute in question is to be strictly construed. Becker v. Choate, 204 So.2d 680 (3rd Cir. La.App.1967). Colbert v. Mike Baker Brick Company of New Iberia, Inc., 326 So.2d 900 (3rd Cir. La.App.1976). However, in a situation as we have here, to require Lowery to initiate an additional personal confrontation with Dobard would be “an act known beforehand to be futile,” and should therefore not be required.
III. EQUITABLE DEFENSES
Cenia contends that it had just cause to withhold Lowery’s wages because it was in good faith and there existed a bona fide dispute as to whether they were due.
As the trial judge noted, this court succinctly stated its position on equitable defenses as they pertain to LSA-R.S. 23:632 in Becker v. Choate, supra:
“Although an employer’s delay in paying wages earned by employees within twenty-four hours after their discharge or resignation renders him liable for penalties under R.S. 23:632, this statute must be strictly construed, and it is well settled that the courts will refuse to allow penalties if the employer had some equitable justification for not paying the wages timely. Mitchell v. First Nat. Life Ins. Co., of La., 236 La. 696, 109 So.2d 61 (1959); Clevy v. O’Meara, 236 La. 640, 108 So.2d 538 (1959). See also, Strickland v. American Pitch Pine Export Co., 224 La. 949, 71 So.2d 338; Deardorf v. Hunter, 160 La. 213, 106 So. 831 (1926); Tuberville v. Foster, La.App. 1st Cir., (1959), 113 So.2d 805.

“While cases on this point generally state that R.S. 23:632 is subject to 'equitable defenses’, we are of the opinion that the word 'defenses’ does not mean a ‘defense’ in the strict sense of the word. *439 Rather, the tenor of these cases seems to indicate that the court will refuse to assess penalties and attorneys’ fees where the facts of the particular case strongly indicate that greater justice will be attained by such refusal. These facts then become equitable considerations, or ‘defenses’ in a loose sense of the word, which will move the court to deny the penalties.”
In the later case of Pittman v. Eyland, 290 So.2d 800 (4th Cir. La.App.1974), the Fourth Circuit Court of Appeal expanded on the interpretation of R.S. 23:632:
“Our courts have not permitted the imposition of the penalties provided under LSA-R.S. 23:632 when wages are withheld by the employer without the right to do so, unless the employer is found to be motivated by bad faith or is arbitrary or unreasonable. See Becker v. Choate, 204 So.2d 680 (La.App. 3rd Cir. 1967). Nor have penalties and attorney’s fees been awarded where there is a bona fide dispute as to wages due, and the employer refuses to pay the disputed wages. See Clevy v. O’Meara, 236 La. 640, 108 So.2d 538 (1959). The statutory provisions on penalties and attorney’s fees were enacted in order to protect employees from being taken advantage of by unscrupulous employers who wrongfully refuse payment of wages. It was not intended to apply to situations in which the employer in good faith refuses wages due.”
Although the Fourth Circuit Court of Appeal used a stronger test under which an award of penalties and attorneys’ fees would be proper, by stating that the employer must have acted in an unscrupulous manner, that part of the opinion in Pittman has not been followed by this court. Therefore, we concur with the trial court’s decision in refusing to use the standards as set out in Pittman.
The trial judge’s application of the law to the facts of this case is as follows:
“The bill from Central Bottling Corporation submitted to defendant was dated July 23, 1974. The suit of plaintiff, Andrew J. Lowery, was filed on September 3, 1974. Defendant made payment by check to Central Bottling Corporation of the $244.00 claimed by that company on October 24, 1974. On the same day defendant filed its answer setting up the indebtedness of plaintiff for the $30.00 for fence damage and the $244.00 damages to the building of Central Bottling Corporation, for both of which plaintiff was alleged to be responsible. Ed’s Fence Company was not paid for the repair of the fence gate until September 23, 1974.
“The implication is clear that defendant did not actually intend to assert a claim against plaintiff for the $244.00 until plaintiff’s claim was put into suit. Without attempting to determine whether plaintiff was legally liable to Central Bottling Corporation for the $244.00, for which Cenia Beverage, Inc. would in such a case also be legally liable, there was insurance coverage for such liability. After plaintiff third-partied the insurer, the insurer reimbursed defendant promptly and apparently without question. The undersigned considers it a matter of bad faith for the defendant employer to attempt to interpose Andrew Lowery’s alleged liability for damages of $244.00 as a defense to his claim for wages when defendant well knew that if legal liability existed it was covered by liability insurance but where no report of the incident was made to the insurer in an attempt to keep defendant’s insurance rate down.
“With respect to the claim for $30.00 for repair of defendant’s fence, asserted as an equitable defense, if defendant was not in bad faith, it was at least arbitrary and unreasonable. Evidently, the damage was minor. Its extent could have been easily and promptly determined. Although the damage was done on May *440 22, at the time plaintiff requested his wages on May 31, all Mr. Dobard could do was offer a receipt or acknowledgement that plaintiff had accrued three days wages. Ultimately, defendant offered this amount to plaintiff and then deposited the sum of $30.00 in the registry of court. This offer should have been made on May 31, or very soon thereafter in order to qualify defendant’s position as reasonable and not arbitrary. Inasmuch as defendant asserted the re-conventional demand for the $244.00 as well as the $30.00, it may well be assumed that defendant had no intention of offering the $30.00 until it was sued and until after plaintiff’s third party demand resulted in the insurer issuing its reimbursement check to defendant.
“Although the law is established that imposition of penalties does not automatically follow when an employer withholds wages due without right to do so, considering the analysis of facts set forth above, the undersigned is of the opinion that the penalties should be imposed.”
We agree with the trial court’s findings of fact and conclusions of law. The judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.
DOMENGEAUX, J., concurs in result and assigns reasons.