DOUCET, Judge.
Roger J. Donahue sued his employer, Sunset Industries, Inc., to recover penalty wages and attorney’s fees under LSA-R.S. 23:631 and 23:632. From a judgment in defendant’s favor, dismissing his suit, he appeals. We reverse.
Plaintiff was employed by defendant as a tool and dye maker at a salary of $11.00 per hour. On May 15, 1979, he telephoned defendant’s business office in Rayne, Louisiana and informed Mr. John Kudela, one of defendant’s officers, that he was terminating his employment. At that time, he had *1088 worked a total of 23 hours for which he had not been paid. Plaintiff testified that he did not demand his final wages, however, because Mr. Kudela hung up on him after learning of his resignation. Four days later, he telephoned a second time, allegedly to demand his wages, and asked to speak to defendant’s president, Mr. Clifton Dupont. However, he hung up after being kept waiting three minutes.
On June 6, 1979, after making a third fruitless attempt to call and demand his wages, plaintiff filed a complaint with the Louisiana Department of Labor. On June 12, 1979, an employee of that Department contacted Mr. Dupont by telephone. Mr. Dupont testified that he assured the person he spoke to that a check would be mailed to plaintiff as soon as he signed and returned a time card, which had been mailed to him on June 11, 1979. On June 13, 1979, defendant received the time card, which had been signed by plaintiff, and issued a check to him for the amount of the unpaid wages. Plaintiff received the check by mail on August 20, 1979.
There is no question about the fact that plaintiff’s wages have been fully paid by defendant. The issues which remain to be decided are: (1) Did defendant breach the obligation imposed on it by LSA-R.S. 23:631?, and (2) If defendant did breach its obligation, what is the amount due plaintiff for penalty wages and attorney’s fees under LSA-R.S. 23:632?
LSA-R.S. 23:631 and 23:632 read as follows:
LSA-R.S. 23:631:
“A. Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation. Said payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee’s or laborer’s current address as shown in the employer’s records. In the event payment is made by mail the employer shall be* deemed to have made such payment when it is mailed. The timeliness of the mailing may be shown by an official United States postmark or other official documentation from the United States Postal Service.
B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section.
C. With respect to interstate common carriers by rail, a legal holiday shall not be considered in computing the three day period provided for in Subsection A of this Section.”
LSA-R.S. 23:632:
“Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee eithér for ninety days wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.”
Defendant contends that plaintiff is not entitled to penalty wages and attorney’s fees under the above provisions, because he failed to demand his wages at defendant’s business premises, where he was customarily paid during his employment. It cites the decisions in Lowery v. Cenla Beverage, Inc., 333 So.2d 435 (La.App. 3rd Cir. 1976) and *1089 Mitchell v. Fein, 281 So.2d 463 (La.App. 4th Cir. 1973) in support of the proposition that a demand made by telephone is sufficient only if it is made to someone with authority, who refuses to pay the wages.
This argument overlooks the fact that defendant’s president told the Louisiana Department of Labor employee, who contacted him in plaintiff’s behalf, that a check would be sent to plaintiff as soon as he signed and returned his time card. When that statement was made, defendant was fully aware of plaintiff’s claim for unpaid wages. Furthermore, defendant admitted in its answer to plaintiff’s petition that the amount of those wages was not in dispute after it received the time card from plaintiff. We believe that under those circumstances plaintiff’s demand was sufficiently made when he complied with defendant’s request to sign and return the time card. Thereafter, he was entitled to rely on Mr. Dupont’s assurance that the check would be mailed to him, rather than traveling from his home in Shreveport to defendant’s business premises in Rayne to demand his wages in person.
Mr. Dupont testified that he received plaintiff’s signed time card on June 13, 1979. Defendant attempted to establish through the testimony of Mr. Dupont and his daughter, Janice Claire Dupont, that the check had been mailed the same day. However, defendant admitted in its answer to plaintiff’s petition that the check had been mailed on August 16,1979, the day before it was postmarked, and defendant is bound by that admission. LSA-C.C. Art. 2291.
In view of the above, we find that there was a 64-day delay between plaintiff’s demand for his wages and defendant’s tender of them. Plaintiff is entitled to penalty wages in the sum of $88.00 (his daily rate of pay) for each of those 64 days, or a total of $5,832.00. In addition, plaintiff is entitled to a reasonable attorney’s fee, which we set at $750.00.
For the above and foregoing reasons, the judgment of the trial court is reversed and set aside, and it is adjudged, ordered and decreed that there be judgment herein in favor of plaintiff, Roger J. Donahue, and against defendant, Sunset Industries, Inc., in the sum of $5,832.00, plus an attorney’s fee of $750.00, which is taxed as a court cost. All costs in the trial and appellate courts are assessed against the defendant.

REVERSED AND RENDERED.