JiDECUIR, Judge.
This appeal arises out of a worker’s compensation proceeding instituted by Juanita Miller against her employer, Wal-Mart Stores, Inc. At issue on appeal is whether the hearing officer was manifestly erroneous in awarding Miller supplemental earnings benefits solely as a consequence of substantial pain.
FACTS
On May 30, 1991, Juanita Miller injured her lower back while lifting an air conditioner at the Wal-Mart store in Many, Louisiana. At the time of her accident, Miller was working as the manager of the Housewares Department. After her injury, Miller attempted to return to work with the understanding that she would have adequate assistance in her department to assure that she need only perform light duty tasks. Apparently, this agreement was met on paper in that additional employees were assigned to her department. However, in reality those employees were continually called to other assignments in the store leaving Miller to manage alone.
In March 1992, Miller’s pain became too intense for her to perform her job functions, and she began receiving temporary total disability benefits. On July 15, 1992, Miller underwent lumbar disc surgery by Dr. Warren Long, a Shreveport neurosurgeon. She continued to receive temporary total disability benefits until September 4,1993, when her benefits were terminated based on a release to light duty work.
12Miller filed this suit seeking continued benefits and further back surgery. At the trial level, the hearing officer awarded Miller supplemental earnings benefits at the full compensation rate. The hearing officer denied her claim for further back surgery and penalties and attorney fees. Wal-Mart appeals the award of supplemental earnings benefits.
DISCUSSION
Wal-Mart contends that the hearing officer erred in awarding supplemental earnings benefits based on substantial pain. As a corollary to this contention, it alleges that the hearing officer improperly disregarded the testimony of Dr. Philip Osborne regarding Miller’s condition and ability to return to work.
La.R.S. 23:1221(3)(c)(ii), provides:
For purposes of Subparagraph (i) of this Subparagraph, if the employee establishes by clear and convincing evidence, unaided by any presumption of disability, that solely as a consequence of substantial pain, the employee cannot perform employment offered, tendered, or otherwise proven to be available to him, the employee shall be deemed incapable of performing such employment.
Whether pain is substantial is a factual issue to be decided by the trial court and that finding will not be disturbed on appeal unless clearly wrong. Lewis v. Orleans Materials, 614 So.2d 316 (La.App. 4 Cir.1993). In this case, the hearing officer concluded that Miller was in substantial pain such that she could not perform her job functions and was therefore entitled to supplemental earnings benefits.
Wal-Mart notes that in Augustine v. Paul Wall Truck Line, Inc., 603 So.2d 770 (La. App. 3 Cir.1992), this court held that where a claimant has been released to light-duty work and refused his employer’s offer of light-duty work at the same wages and hours, he is not entitled to supplemental earnings benefits. Wal-Mart asserts that Miller was offered light-duty employment and she refused to return to work and, therefore, according to Augustine, the hearing officer’s findings are manifestly erroneous. We disagree.
The case at bar is distinguishable from Augustine in that Miller returned to work after her injury and was assured that she would have assistance to make her job light-duty. This assurance and everyday reality did not coincide. Furthermore, Miller put on ample evidence from other employees that, in *315 actual practice, at Wal-Mart there is no such thing as a light-duty job. That is to say, employees in all positions are called upon to do physical tasks beyond their job description. | gGiven Miller’s previous attempt to return to work and the testimony of her fellow employees, we find that another attempt to return to work would have been futile and, therefore, not required. See Lowery v. Cenia Beverage, Inc., 333 So.2d 435 (La.App. 3 Cir.1976).
Wal-Mart’s related contention that the hearing officer erred in disregarding the testimony of Dr. Osborne regarding Miller’s condition and ability to work is unfounded. It is clear from the reasons given by the hearing officer that Dr. Osborne’s testimony was considered, as were the medical records submitted by Miller’s other physicians. In addition, Miller put on evidence from co-employees regarding her condition.
Disability can be proven by medical and lay testimony. The trial court must weigh all the evidence, medical and lay, in order to determine if the plaintiff has met his burden. Simpson v. S.S. Kresge Co., 389 So.2d 65 (La.1980). This factual finding of the trial court is to be given great weight and should not be overturned absent a showing of manifest error. Bailey v. Smelser Oil & Gas, Inc., 620 So.2d 277 (La.1993). The findings of the hearing officer in this case are supported by the record and are not clearly wrong.
For the foregoing reasons, the judgment of the hearing officer is affirmed. All costs of this appeal are assessed against appellant, Wal-Mart Stores, Inc..
AFFIRMED.