REGAN, Judge.
The plaintiff, Randolph J. Clement, filed this suit against the defendant, Accurate Industries, Inc., endeavoring to recover the sum of $1,240.60, which he asserts represents the amount due him for ten days of unpaid wages, car allowance, penalties and attorney’s fees pursuant to the rationale emanating from La.R.S. 23:631 and La.R.S. 23:632.
The defendant answered and admitted that the plaintiff had been employed by it for a period of nine days and that it owed him the sum of $135.81. However, the defendant then explained that the plaintiff had not been paid this amount for the reason that he omitted to return to his employer a sales catalogue, advertising literature and other paraphernalia for use in conjunction with his employment.
The lower court rendered judgment in favor of the plaintiff in the amount of $153.10, representing wages and car allowance owed him. However, it rejected the plaintiff’s request for penalties and attorney’s fees. From that judgment, the plaintiff has prosecuted this appeal.
The record discloses that on February 24, 1966, the plaintiff was employed by the defendant as an outside salesman at the rate of $408.00 per month, together with a $50.00 monthly car allowance. On March 2, 1966, after having worked for the defendant for approximately ten days, the plaintiff returned to the defendant’s office and resigned by writing a note and leaving it on the desk of Norman Levenson, the defendant’s president. He did not remain to obtain wages or salary due him nor did he return or call regarding the nonpayment. Instead, he subsequently wrote a letter requesting payment, and then secured the services of an attorney to collect for him.
La.R.S. 23:631 and La.R.S. 23:632 provide as follows:
“It shall be the duty of every person, employing laborers or other employees of *317 any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid.”
“Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety day’s wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney’s fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation.”
The courts of this state have consistently reasoned that since the foregoing statutes are penal in nature, they must be strictly construed. Consequently, judges have permitted an employer to show that he had some equitable reason for not paying the wages promptly. When it has been established that the employer did not act arbitrarily in failing to pay the wages, no penalties or attorney’s fees have been awarded.[1]
The testimony of Mrs. Levenson, the president’s wife,[2] reveals that the plaintiff was furnished, when he was employed, with a sales catalogue and a card file of sales prospects. The catalogue consisted of a list of items and their prices which the defendant offered for sale in the course of its business. The file consisted of index cards containing information relative to the address, products purchased, and dates of contact for each of the defendant’s customers within the route allotted to the plaintiff. These items were of inestimable value to the defendant’s business, and would undoubtedly cause economic harm to the defendant in the event that they should fall into the hands of a competitor. Mrs. Levenson stated unequivocally that the plaintiff did not return these items upon his resignation, and that subsequent searches of the premises failed to disclose their whereabouts.
On the other hand, the plaintiff laboriously testified that he did return the disputed items upon his resignation from the defendant company. No other testimony was offered in support of this contention.
In his reasons for judgment, the trial judge stated that it was his opinion that Mrs. Levenson told the truth at the trial. Consequently, he accepted the defendant’s equitable defense and rejected the plaintiff’s claim for penalties and attorney’s fees.
The foregoing elucidation reveals that only a question of fact was posed for the trial court’s consideration. The judge thereof obviously accepted the evidence offered on behalf of the defendant and, therefore, concluded that the plaintiff did not return the catalogue, index cards, and other paraphernalia with which he was furnished, thereby preventing his recovering penalties and attorney’s fees.
The question which this appeal has posed for our consideration is whether that find- *318 mg of the trial judge is so erroneous and unsupported by the evidence adduced herein so as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ version of the events subsequent to the plaintiff’s resignation. The trial judge accepted the defendant’s version thereof, and our analysis of the record convinces us that the evidence preponderates in its favor and the judgment is, therefore, correct.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendant is to pay all costs incurred in the lower court. The plaintiff is to pay all costs of this appeal.
Affirmed.

. See for example Becker v. Choate, 204 So.2d 680 (La.App.1968); Mitchell v. First National Life Insurance Company of Louisiana, 236 La. 696, 109 So.2d 61 (1959).

. When the trial hereof occurred, Leven-son, the president of the defendant corporation, was dead.