BAILES, Judge.
Plaintiff, Ronald S. Barras, filed this action against Carl W. Lindell Company of the South, Inc., defendants to recover $2,749.50 which he alleges represents the amount due him for unpaid wages, penalties and attorney’s fees under LSA-R.S. 23:631-632.
In its answer the defendant denied owing the plaintiff any unpaid wages. Defendant admitted that they had deducted from the plaintiff’s commission check the sum of $49.50 which represented the amount of a check from one of defendant’s customers which the plaintiff had collected while still employed by the defendant.
The lower court rendered judgment in favor of plaintiff in the amount of $49.50 representing his unpaid commission. All other demands were rejected. From that judgment, the plaintiff has appealed. We affirm.
The facts are that the plaintiff was employed by the defendant as an outside salesman with a guaranteed monthly salary of $500, together with a monthly travel allowance of $300. Plaintiff was also paid a commission based on a sliding scale depending on gross sales per month.
On January 25, 1971, plaintiff’s employment by defendant was terminated. Plaintiff claims he resigned, whereas defendant contends he was discharged. At that time plaintiff was paid in full for the wages due him under his guaranteed salary and was told that his commissions would be forwarded as soon as they were computed.
This computation usually was not completed until around the 5th of the following month. In remitting to plaintiff the balance of his salary, a deduction of $49.50 was made therefrom. It is this deduction which forms the basis for this suit.
The statutes under which this action is brought provide:
LSA-R.S. 23:631:
“It shall be the duty of every person, employing laborers or other employees of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid.”
LSA-R.S. 23:632:
“Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety day’s wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penal *751 ty wages. Reasonable attorneys’ fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation. As amended Acts 1964, No. 422, § 1.”
In Harrison v. First National Funeral Homes, Inc., La.App., 244 So.2d 102 (1971) the court stated, “The established rule is that the provisions of LSA-R.S. 23:632, being coercive or penal in nature, must be strictly construed, and that courts will refuse to allow penalties if the employer had some equitable justification for not paying the wages timely.” Becker v. Choate, La.App., 204 So.2d 680 (1957); Stell v. Caylor, La.App., 223 So.2d 423 (1969).
The evidence shows the plaintiff, prior to the termination of his employment, had collected and was in possession of a customer’s check which was payable to the defendant in settlement of the customer’s account. Upon termination of his employment plaintiff advised the defendant’s representative that he would promptly forward the check along with a key which he had in his possession to defendant.
Plaintiff testified he promptly mailed the check and key to the defendant’s home office in Florida. Defendant contends that the check and key were never received and that was the reason for the deduction of $49.50 from plaintiff’s check. The trial judge stated in his reasons for judgment that he did not believe, that the plaintiff ever sent the check and key back to the defendant; thereby it was found that there existed an equitable justification for not paying the wages of $49.50. The trial judge had the witnesses before him and his evaluation of their creditability will not be disturbed without a showing of manifest error. Sunseri v. Sunseri, La. App., 256 So.2d 673 (1972).
We find no manifest error in the trial court’s denial of penalties and attorney’s fees. Clement v. Levenson, La.App., 236 So.2d 316 (1970).
For the foregoing reasons the judgment appealed from is affirmed at appellant’s cost.
Affirmed.