337 So.2d 317 (1976)
Ernest J. CAREY
v.
ORLEANS INSURANCE COMPANY.
No. 7401.
Court of Appeal of Louisiana, Fourth Circuit.
September 2, 1976.
T. M. McBride, III, Chalmette, for plaintiff-appellant.
Milling, Benson, Woodward, Hillyer & Pierson, William C. Gambel, New Orleans, for defendant-appellee.
Before SAMUEL, BOUTALL and BEER, JJ.
SAMUEL, Judge.
Plaintiff filed this suit against his former employer for wages allegedly due and unpaid, and for penalties and attorney's fees. He claims 90 days wages at $35 per day or a total of $3,150, plus a reasonable attorney's fee. The defendant answered in the form of a general denial. Following trial on the merits, there was judgment in favor of the defendant, dismissing the suit. Plaintiff has appealed.
The evidence in the record consists of: (1) testimony given by the plaintiff and the secretary-treasurer of the defendant; and *318 (2) various documents. From that evidence, which contains few conflicts, we find the following facts:
Plaintiff was employed as a staff supervisor at a salary of $175 per week. His duties required him to supervise the field agents, checking their clerical work and activities, and each day collecting the money received by them during the preceding day. On the morning of Tuesday, August 22, 1972 a field agent recently employed by the secretarytreasurer failed to arrive for work and plaintiff was unable to locate him. The following morning that agent called the office and made arrangements to meet with the plaintiff. At the meeting he informed plaintiff he had spent the money collected and did not have it to return.
When plaintiff returned to the office and informed the secretary-treasurer of these facts, he was requested to give the latter a written report on the activities and possible shortages of the agent in question. Plaintiff prepared and furnished the requested report. Then an argument arose between the two men as a result of which plaintiff resigned. After discussing the wages due plaintiff for that portion of the week he had worked, they agreed on $80 and they also agreed plaintiff would return to the office on the regular pay day, the following Friday, August 25, for his pay check.
Despite that agreement, on the morning of Friday, August 25, plaintiff (who lived in Bay St. Louis, Mississippi) received a letter from the defendant which stated it was necessary that he advise the company, in writing, of the period of time devoted by him to company affairs in support of his claim for compensation due him for that part of the week he had worked. The letter, which was dated August 24, further stated when the company had this information it would be "in a position to settle your salary claim, if any, and also to take the necessary steps to recover any and all debit monies due the Company." The letter was written over the signature of the defendant's secretary-treasurer, but in his capacity as an attorney.
In response to the above letter, plaintiff went to the defendant's office on August 25, made the requested report in writing, requested his pay check, and was told the check would be mailed to him. Although at that time the defendant had in its possession its signed check dated August 25 and payable to plaintiff in the amount of $69.50 ($80 salary less the usual withholding deductions), the check was not mailed. The following week plaintiff again spoke with the defendant secretary-treasurer, this time apparently by telephone, requesting his pay and again he was informed it would be mailed.
Plaintiff did not receive the check through the mail and on September 7 he had his attorney write the defendant. That letter stated in detail the work claimed to be performed by the plaintiff during the portion of the week in question and mentioned the agreed figure of $80 which was to be paid on August 25. It further stated that although plaintiff would be entitled to ninety days pay if suit became necessary, he would settle his claim for a total figure of $200 if payment were made by return mail. The letter was received by the defendant on September 11 and on September 12 defendant answered, stating the $69.50 check was in the office waiting to be picked up by the plaintiff and requesting that the plaintiff return a key to the office which he had in his possession.
The requested key was returned by plaintiff's attorney with a letter dated September 15. That letter demanded the $200 settlement of the claim within five days and threatened suit in event such settlement was not made. On September 19 defendant answered that letter, acknowledging receipt of the office key and enclosing the August 25 check for $69.50. The check was returned by plaintiff and this suit followed.
Revised Statutes 23:631 and 23:632, upon which this suit is based, read:
"It shall be the duty of every person, employing laborers or other employees of any kind whatever when discharging any *319 laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid." LSA-R.S. 23:631.
"Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety day's wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorneys' fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation." LSA-R.S. 23:632.
To recover penalties under these statutes for an employer's failure to pay wages owed to an employee following resignation or discharge, the employee must prove the wages were due and owing, that demand for payment was made at the place where he was usually paid, and that the employer failed to pay following demand.[1] The burden of proof also rests upon the employee to show by a preponderance of the evidence the facts which establish his claim for the award of penalties.[2] Since the statute is penal in nature, it must be strictly construed and penalties will not be allowed if the employer has equitable justification for not paying wages timely.[3]
In our opinion, the record in the instant case establishes that wages in the total amount of $80 were due and owing, the demand required by the statutes was made, and the defendant failed to pay those wages following demand. The record contains no showing the amount of wages due was incorrect or in dispute, sufficient demand was made by the plaintiff on August 23, when he completed his written report, on August 25, and during the following week,[4] and payment was not made despite these demands.
Nor do we find any equitable justification for the failure to pay the wages due. The only possible basis for such justification would be defendant's need for the written report and for the return of the office key, both belatedly requested in its letters. The record is devoid of any showing of any need for that written report, or of any use made thereof. And defendant's witness admitted the return of the office key was unimportant and played no part in the wage payment. Thus, we are satisfied the defendant delayed paying plaintiff's wages for harassment purposes, a delay sufficiently capricious as to constitute bad faith.
Accordingly, we award penalties and allow an attorney's fee. Plaintiff is entitled to $69.50, his $80 wages less withholding deductions, and a penalty of $840, the penalty being $35 per day for a period of 24 days, i. e., from August 25 until September 19, the latter being the date on which the *320 check for $69.50 was tendered and under the above quoted R.S. 23:632 liability for penalties ceases upon tender of payment. For prosecuting this matter in both the trial court and in this court, we believe an attorney's fee of $500 would be reasonable.
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of the plaintiff-appellant, Ernest J. Carey, and against the defendant-appellee, Orleans Insurance Company, in the full sum of $909.50, together with legal interest thereon from date of judicial demand until paid. It is further ordered that an attorney's fee in the amount of $500 be allowed and that the same be taxed as costs. All costs in both courts are to be paid by the defendantappellee.
REVERSED.
NOTES
[1] Taylor v. Clark, La.App., 304 So.2d 728; Otwell v. Howard Lumber & Supply Company, Inc., La.App., 283 So.2d 826; Clement v. Levenson, La.App., 236 So.2d 316.
[2] Harrison v. First National Funeral Homes, Inc., La.App., 244 So.2d 102.
[3] Porter v. Lombardino, La.App., 303 So.2d 493; Martin v. Burns, La.App., 267 So.2d 913; Jones v. LeBlanc, La.App., 263 So.2d 119; Jarrett v. Climatrol Corporation, La.App., 185 So.2d 63.
[4] See Simon v. Crowley Industries, Inc., La.App., 287 So.2d 549.