380 So.2d 161 (1979)
Wilbert THOMAS, Jr.
v.
DeJOHN'S PLUMBING AND HEATING CO., INC.
No. 12942.
Court of Appeal of Louisiana, First Circuit.
December 27, 1979.
Athena B. Piedrahita, Baton Rouge, for plaintiff-appellant.
Frank H. Dickinson, Baton Rouge, for defendant-appellee.
Before COVINGTON, LOTTINGER and COLE, JJ.
COVINGTON, Judge.
This is a suit for penalty wages and attorney's fees for an alleged failure of plaintiff's employer to comply with LSA-R.S. 23:631 et seq. by not paying the employee one day's wages, the amount of $40.40, when the employment with defendant, De-John's Plumbing and Heating Co., Inc., was terminated, upon the plaintiff's demand. The facts concerning the termination and demand were in dispute, but the trial judge resolved them in favor of the defendant and denied plaintiff's claim. The plaintiff, Wilbert Thomas, Jr., has appealed. We affirm.
To recover penalties under LSR.S. 23:631 and 23:632 for an employer's failure to pay wages owed to an employee *162 following resignation or discharge, the employee must prove the wages were due and owing, that demand for payment was made at the place where he was usually paid, and that the employer failed to pay following the demand. The burden of proof also rests upon the employee to show by a preponderance of the evidence the facts which establish his claim for the award of penalties. Harrison v. First National Funeral Homes, Inc., 244 So.2d 102 (La.App. 3 Cir. 1971), writ not considered, 258 La. 345, 246 So.2d 195 (1971).
The plaintiff testified that he and his employer had an argument on September 13, 1977, and that DeJohn had ordered him off the premises. He stated further that later that day he had returned for his wages, but DeJohn refused to pay him the one day's pay which was owed him. (R 160-162) Thomas testified that he then went to the union building and that Oliver Jones, the union representative, phoned De-John in Thomas's presence, but that Jones also got a refusal from DeJohn. (R 162) Jones only remembered telephoning DeJohn on one occasion, and that DeJohn disputed owing Thomas because Thomas owed De-John for some appliances, I. e., a washer and dryer. (R 147-156) Thomas also offered the testimony of his brother, Lionel Thomas, who testified only to working with Wilbert Thomas one day on DeJohn's camp, for which Lionel received $10.00, but Wilbert was not paid anything in money as he was working in payment of appliances he had got or was getting from DeJohn. Lionel gave no testimony concerning the termination or demand of Wilbert. (R 183)
The other witness for Thomas was his former lawyer, John R. Keogh.[1] (R 175) In essence, Mr. Keogh testified that his services were limited to writing a demand letter to DeJohn, in response to which he received a telephone call from DeJohn, and a check ($40.40 less $2.36 in deductions or $38.04 net) from DeJohn on October 19, 1977. (R 177)
On all material points the plaintiff's evidence was disputed by DeJohn. DeJohn and his wife, Jeanette DeJohn, who worked in the office at the plumbing business, denied that Thomas demanded his wages. They also disputed Thomas's version of his last day at work, and denied owing Thomas any money. (R 194, R 212)
We agree with the trial judge that the plaintiff has failed to prove his claim by a preponderance of the evidence.
Moreover, the record reflects that DeJohn was justified in believing that he could deduct the value of the appliances he had transferred to Thomas from any wages he owed Thomas. DeJohn proved a series of advances with corresponding deductions. (R 213)
Since the statute is penal in nature, it must be strictly construed. Penalties will not be allowed if the employer has equitable justification in not paying wages. If it is determined that a bona fide dispute as to wages due existed at the time of the refusal to pay, no penalty wages will be awarded. Berteau v. Wiener Corp., 362 So.2d 806 (La. App. 4 Cir. 1978), writ denied, 365 So.2d 242 (La.1978).
For the employee to recover, the employer must have been motivated by bad faith or must be found to have acted in an "arbitrary or unreasonable" manner. It does not appear from the record that there was bad faith on the part of DeJohn, or that he acted in an "arbitrary or unreasonable" manner in his refusal to pay Thomas. On the contrary, the record shows that there was a bona fide dispute between the parties as to unpaid wages, because the employer considered that the employee still owed him for the appliances. A reasonable basis existed for resisting liability; therefore, the Court correctly denied penalty wages.
The plaintiff's claim is not well-founded, so he is not entitled to recover attorney's fees. See Carriere v. Pee Wee's Equipment Company, 364 So.2d 555 (La.1978). Myres *163 v. Lighthouse Life Insurance Company, 368 So.2d 805 (La.App. 2 Cir. 1979).
For the reasons assigned, the judgment appealed is affirmed at the appellant's costs.
AFFIRMED. AFFIRMED.
NOTES
[1] This suit was filed on January 13, 1978, by an attorney not at any pertinent time affiliated with Mr. Keogh, although the latter referred the plaintiff to her.