GULOTTA, Judge.
Plaintiff appeals from the dismissal of her suit for statutory penalties and attorney’s fees where her employer failed to pay *709 wages due within three days following the date her employment terminated.[1]
In September 1977, during the Treasurers of Tutankhamen exhibit, Janet Urian had been employed at the New Orleans Museum of Art to work in the King Tut Gift Shop. Her rate of pay was $3.00 per hour, later increased to $3.50 per hour. Plaintiff worked at the Gift Shop without incident until January 14, 1978 (one day before the closing of the exhibit) but was admonished on that date by a coemployee for taking unauthorized and prohibited photographs of the Tut exhibit. The exhibition closed on January 15th; however, Urian did not work on that day. She was entitled to receive $182.23 in wages for the work period from January 1st through January 14,1978. Uri-an had been employed as a temporary full-time employee from September 1977 through January 15, 1978.
Plaintiff’s final check had been withheld at the direction of the museum’s director and the project supervisor. Upon inquiries made by plaintiff subsequent to the time she ordinarily would have received her check, she was advised that the unpaid wages were being withheld because she took unauthorized photographs of the exhibit. She was advised further that if the photographs and negatives were surrendered to the museum, or if an affidavit, in triplicate, was executed stating that the photographs had been destroyed, the check for the unpaid wages would be released to her. On January 27, 1978 plaintiff made demand in a letter addressed to Charles Mo, the project supervisor, for payment of the withheld wages. Mo acknowledged this letter of demand on February 1,1978. In that letter he reiterated the demand either for delivery of the photographs and negatives, or for the affidavits, as a prerequisite to payment of the unpaid wages. On March 8, 1978 plaintiff filed suit for wages, penalties and attorney’s fees. On March 15,1978 the museum sent plaintiff the unpaid wages due (i. e., the sum of $187.23), together with her W-2 form.
It is undisputed that plaintiff took photographs of the Tut exhibits and that she was aware the taking of photographs was forbidden. Signs were posted at the entrance to the museum and at various places in the museum stating that no photography was permitted. While acknowledging that she was aware of the prohibition, plaintiff ex *710 plained she felt it applied to the visitors but not to the employees. She indicated further that on occasions she had taken photographs of other museum employees who were also photographing the exhibit.
It is also undisputed that the employer failed to timely pay the employee her earned wages. The museum director’s explanation for withholding her wages was that the prohibition against taking photographs was a reasonable security measure; that plaintiff was aware of this prohibition; and that withholding of the wages was a reasonable sanction for the purpose of having the photographs and negatives placed in the possession of the museum. He explained further that for security reasons the Cairo Museum and the New Orleans Museum of Art had entered into an agreement whereby no photographs would be permitted. At the time that the photographs were taken by plaintiff the museum director was in fear that the agreement and relationship between the Cairo Museum and the New Orleans Museum of Art might be in jeopardy.
R.S.23:631 clearly provides that an employee’s wages must be paid not later than three days following the date of discharge or resignation. While not disputing that the wages were not paid timely and in accordance with the statute, the defendants claim that withholding of the unpaid wages, under the circumstances, was not in bad faith, arbitrary, capricious or unreasonable. They contend that they cannot therefore be liable for statutory penalties' as set forth in R.S.23:632. In Pittman v. Eyrand, 290 So.2d 800 (La.App. 4th Cir. 1974) we stated:
“Our courts have not permitted the imposition of the penalties provided under LSA-R.S.23:632 when wages are withheld by the employer without the right to do so, unless the employer is found to be motivated by bad faith or is arbitrary or unreasonable. See Becker v. Choate, 204 So.2d 680 (La.App. 3rd Cir. 1967). Nor have penalties and attorney’s fees been awarded where there is a bona fide dispute as to wages due, and the employer refuses to pay the disputed wages. See Clevy v. O’Meara, 236 La. 640, 108 So.2d 538 (1959).” (290 So.2d at 802.)
See also Colbert v. Mike-Baker Brick Company of New Iberia, Inc., 326 So.2d 900 (La.App. 3rd Cir. 1976), writ application not considered, 329 So.2d 753 (La.); Clement v. Levenson, 236 So.2d 316 (La.App. 4th Cir. 1970).
While it appears from the cited cases that an employee is not entitled to statutory penalties and attorney’s fees absent a showing that the employer was motivated by bad faith or was unreasonable, arbitrary or capricious, we conclude nevertheless plaintiff is entitled to the penalties and attorney’s fees in the instant case. The photographs were not the property of the museum but of the plaintiff-employee. There were no signs posted stating that, in the event photographs were taken of the exhibit, the film and/or the camera would be confiscated. Furthermore, the museum would have no legal recourse against the employee for possession of the prohibited photographs in the absence of an agreement between the employer and employee that unauthorized photography would result in confiscation of the prohibited pictures and negatives. If, therefore, the museum was not entitled to the ownership or possession of the unauthorized photographs, we cannot conclude that withholding unpaid wages as a sanction for obtaining those photographs was justifiable. The museum clearly had no justification to withhold the wages as a sanction against the taking of the photographs by an employee.
We distinguish the result reached by us in Clement v. Levenson, supra, where we denied recovery for penalties and attorney’s fees based on a finding that the employer’s catalog, index cards and other paraphernalia had not been returned to the employer after demand had been made upon the employee. In that case we concluded that the employer’s actions in withholding wages were not arbitrary. The important distinguishing factor in the Clement case is the index cards and paraphernalia were property belonging to the employer; in the instant case, however, the photographs are property of the employee.
*711 Accordingly, we conclude plaintiff is entitled to statutory penalties and to attorney’s fees. R.S.23:632 sets the penalties at either ninety days’ wages at the employee’s daily rate of pay, or full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages, whichever is the lesser amount of penalty wages. Plaintiff’s demand for payment was made on January 27,1978, and the museum tendered her wages on March 15, 1978, a period of less than ninety working days. Clearly, therefore, the second method is applicable.[2]
A problem arises, however, in computing the amount Urian’s “full wages” would be over the approximate six and one-half week period between demand and tender, because the testimony showed that Urian began at $3.00 per hour, but was earning $3.50 an hour at the time of termination of her employment with the museum. She testified she worked a six-day week, at least forty hours per week but frequently more.. At $3.50 an hour her minimum weekly gross would have been $140.00. She testified at another point, however, that she averaged a gross of $98.27 per week. Since the $98.27 average gross included the period before her raise to $3.50 an hour, however, we find it equitable to compute her wages at the hourly rate received at time of termination.
Furthermore, because there was no testimony as to the average amount of overtime worked, we can only base our computation on a forty-hour week. The period for which penalty wages are due is 6.71 weeks. Accordingly, we set the amount of penalty wages due plaintiff at $939.40. (40 hrs./week X $3.50/hour = $140.00/week X 6.71 weeks = $939.40).
We conclude, finally, that plaintiff is entitled to an award for attorney’s fees in the amount of $500.00.
Accordingly, the judgment of the trial court dismissing plaintiff’s suit is reversed and set aside. Judgment is now rendered in favor of plaintiff, Janet Urian, and against defendant, the New Orleans Museum of Art, in the sum of $939.40 as penalty wages, and in the further sum of $500.00 as attorney’s fees. All costs to be paid by the New Orleans Museum of Art.

REVERSED AND RENDERED.

. The statutes under which the claim arises are R.S.23:631 and R.S.23:632.
R.S.23:631 reads as follows:

“Discharge or resignation of employees; payment within three days after termination of employment.

A.Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation. Said payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee’s or laborer’s current address as shown in the employer’s records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed. The timeliness of the mailing may be shown by an official United States postmark or other official documentation from the United States Postal Service.
B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section.
C. With respect to interstate common carriers by rail, a legal holiday shall not be considered in computing the three day period provided for in Subsection A of this Section.”
R.S.23:632 reads as follows:

“Liability of employer for failure to pay; attorneys’ fees.

Any employer who fails or refuses to comply with the provisions of R.S.23:631 shall be liable to the employee either for ninety days wages at the employee’s daily rate of pay, or else for full wages from the time, the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.”

. We find no merit to plaintiffs contention that the penalty should be 90 days’ wages because she delayed cashing the paycheck. The statute, which is to be strictly construed, states “until the employer shall pay or tender the amount of unpaid wages.” (Emphasis added.) The museum tendered her wages on 3/15/78 and Urian’s own delay in cashing the check can neither inure to her benefit nor work detriment to her employer.