Walter BATIANSILA, Plaintiff–Appellee,

v.

ADVANCED CARDIOVASCULAR SYSTEMS, INC., Defendant–Appellant.

No. 91–3148.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 6, 1992.

David L. McComb, Dona J. Dew, Chaffe, McCall, Phillips, New Orleans, La., for defendant-appellant.

Joseph Patrick Tynan, New Orleans, La., for plaintiff-appellee.

Before WISDOM, JOLLY, and JONES, Circuit Judges.

WISDOM, Circuit Judge:

This case involves the interpretation and application of La.R.S. 23:631 and 632. La. R.S. 23:631 provides that upon the discharge or resignation of an employee it shall be the duty of the employer to pay within three days the amount then due under the terms of employment.[1] La.R.S. 23:632 imposes penalties and attorney fees on an employer who fails to comply with the directives of La.R.S. 23:631.[2] The employer, Advanced Cardiovascular Systems, Inc. ("ACS"), contends first that these statutes are not applicable to the present case. ACS argues alternatively that, even assuming the statutes are applicable, the district court erred in awarding penalties because the plaintiff did not prove that ACS acted in bad faith.

A review of the record shows that ACS failed to raise the first objection in the district court. Thus, we are precluded from considering this point of error. We also find that the defendant bears the burden of proving its good faith equitable defense to the penalty. Finally, we remand so that the district court may amend the judgment to include the reasonable attor-

---

1. La.R.S. 23:631 provides in pertinent part:

   Upon the discharge or resignation of any laborer or other employee of any kind whatsoever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation.

2. La.R.S. 23:632 provides:

   Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from the time of making the first demand following discharge or resignation.

ney fees incurred by the plaintiff-appellee in this appeal.

## BACKGROUND

The plaintiff, Walter Batiansila, was hired by ACS in 1985 as a sales representative. Each year, at ACS's annual sales meeting, various "bonuses"[3] were distributed to the sales representatives. At the beginning of the 1985–1986 sales year, ACS distributed a memorandum to its sales staff outlining the requirements for each bonus to be awarded that year. According to this memorandum, any sales representative who sold over $2,000,000 worth of product and who had been in his territory for over ten months would receive a bonus of $6,000.

Mr. Batiansila met these requirements for 1985–1986, but did not receive a bonus. He was told at the time that he had failed to meet the additional requirement of selling 100 percent of target.

ACS terminated Mr. Batiansila's employment in 1987. He filed suit in the United States District Court for the Eastern District of Louisiana against ACS alleging: (1) violation of the Age Discrimination in Employment Act; (2) violation of ERISA; (3) abuse of right under Louisiana law; and (4) violation of La.R.S. 23:631 et seq. with regard to the bonus not paid.

The district court granted summary judgment against Mr. Batiansila on the ERISA claim. The other claims proceeded to trial before a jury. After the close of evidence, but before the case was submitted to the jury, the court directed a verdict against Mr. Batiansila on the abuse of right claim.

The jury returned a verdict against Mr. Batiansila on the age discrimination claim, but held in his favor on the La.R.S. 23:631 claim. The district court then calculated the penalty wages due Mr. Batiansila using the formula provided in La.R.S. 23:632. After a hearing before a magistrate, the judgment was supplemented by the amount of attorney fees found due to Mr. Batiansila.

ACS filed this appeal, contending that the award of penalty wages and attorney fees was in error because La.R.S. 23:631 et seq. is not applicable to this case. ACS does not contest Mr. Batiansila's entitlement to the bonus. In the alternative, ACS contends that the award of penalty wages was in error because Mr. Batiansila failed to prove that ACS acted in bad faith.

## DISCUSSION

### A. The Applicability of the Statute.

ACS's primary contention is that La.R.S. 23:631 et seq. is not applicable to the payment of the bonus. ACS makes two arguments in support of its position. The first argument is that a bonus is not "wages" as that term is used in the statute. In support of this argument, ACS refers to several cases holding that a bonus is not covered by the statute because it is not wages.[4]

The second argument is that the bonus was not a part of the employment contract between Mr. Batiansila and ACS, and therefore is not covered by the statute. In *Rutledge v. CRC Holston, Inc.*,[5] the court held that a bonus that was not part of the contract of employment was not covered by the statute, which refers to amounts "due under the contract of employment".

Mr. Batiansila argues that ACS waived these arguments by failing to raise them below. After searching the record, this Court agrees that ACS failed to raise these arguments below. The only issue that ACS raised below with regard to this claim

---

3. There is some dispute over the proper characterization of these payments. The defendant refers to them as bonuses or awards, and the plaintiff refers to them as commissions. For ease of reference we will use the term "bonus". Our choice of terms should not be interpreted as an endorsement of either party's characterizations.

4. *E.g., Ward v. Tenneco Oil Co.,* 564 So.2d 814 (La.App. 3d Cir.1990) (bonus based on final sale price of business not a wage); *Dore v. WHC Lease Service, Inc.,* 528 So.2d 235 (La.App. 3d Cir.1988) (bonus based on a percentage of net profit not a wage).

5. 425 So.2d 364 (La.App. 3d Cir.1982), *writ denied,* 429 So.2d 147 (La.1983).

was whether Mr. Batiansila had indeed fulfilled all of the requirements for the bonus (or more precisely, what those requirements were).

This Court usually refuses to consider issues not raised before the trial court. An exception is often made when the new issue raises a pure question of law, and failure to consider it would result in a miscarriage of justice. "If, however, consideration of the newly raised issue in the trial court would have resulted in additional facts being developed there, the rationale for the application of the general rule applies, and the issue will not be considered by the appellate court." [6]

In the present case, the issue of whether the bonus is covered by the statute is not a pure question of law. While it might be a question of law whether a bonus qualifies as "wages", it is a question of fact whether the bonus was intended to be part of the employment contract.[7] Had ACS raised this issue below, the parties could have introduced evidence as to whether the memorandum announcing the bonuses was intended to become part of the contract.

Since this issue was not raised below, this Court is in no position to determine whether the bonus was part of the contract of employment. To do so at this juncture would be extremely prejudicial to the plaintiff, who had no reason to put on any relevant evidence below. This Court will not address the issue.

## B. The Availability of Penalty Wages.

■ The only remaining issue is whether the district court erred in awarding penalties against ACS. ACS takes the position that to receive the penalties, Mr. Batiansila must prove bad faith on the part of ACS. ACS argues that Mr. Batiansila did not show that its refusal to pay the bonus was in bad faith. Mr. Batiansila contends that ACS waived this argument by not raising it below. In the alternative, Mr. Batiansila argues that ACS had the burden of proving its good faith.

ACS states that it did not waive this argument. In support, ACS points to the Pretrial Order. Contested Issue of Fact Number Seven refers to whether Mr. Batiansila is entitled to recover attorney's fees and penalties.[8] This issue of fact can easily be interpreted to indicate that ACS had not waived its equitable defense to the penalties.[9] ACS also mentions that it orally requested an opportunity to brief the issue of entitlement to penalty wages, but this request was denied by the district court. Further, this Court's review of the record indicates that ACS elicited testimony at trial that could support a denial of penalty wages. Thus, we do not find that ACS waived this argument below.

■ This brings us to the question of burden of proof. ACS's argument that the plaintiff must prove bad faith to be entitled to the penalties is not without merit. There is some support in the cases for imposing such a burden upon the plaintiff.[10] There is also support for Mr. Batiansila's position that the employer must prove its equitable defense.[11] The Louisi-

---

**6.** *Volkswagen of America, Inc. v. Robertson*, 713 F.2d 1151, 1166 (5th Cir.1983).

**7.** We note that in this case the question whether the bonus constituted wages also implicates a factual issue. The characterization of this payment as a bonus or a commission would be a factual determination. This factual determination could be crucial because bonuses are not covered by the statute (*see, supra*, note 2), but commissions are within the intent of the statute. *See, e.g., Potvin v. Wright's Sound Gallery, Inc.*, 568 So.2d 623 (La.App. 2d Cir.1990); and *Pearce v. Austin*, 465 So.2d 868 (La.App. 2d Cir.1985).

**8.** Record at 376.

**9.** Indeed, if ACS had waived its equitable defense, this issue of fact would be completely unnecessary—the penalties and fees would automatically follow a finding of liability for the bonus (which was listed as Issue of Fact Number Six).

**10.** *See, e.g., Urian v. Bullard*, 380 So.2d 707 (La.App. 4th Cir.) (employee must show bad faith to be entitled to penalties), *writ denied*, 383 So.2d 783 (La.1980).

**11.** *See, e.g., Magee v. Engineered Mechanical Services, Inc.*, 415 So.2d 277 (La.App. 1st Cir.) (penalties appropriate because testimony showed that suggested equitable defense was not reasonable), *writ denied*, 420 So.2d 455 (La.

ana Supreme Court has not addressed this issue, and the lower courts in the State are not in agreement. Thus, this Court must determine how the Louisiana Supreme Court would answer this question.

The predecessor to La.R.S. 23:632, Acts 1920, No. 150, § 2, was first addressed by the Louisiana Supreme Court in *Deardorf v. Hunter*.[12] In that case, the trial court had refused to award the penalty wages. The employer had sent the payroll to another employee, Spears, who had used the money for other purposes. The employer did not know that the employees had not been paid. Once the employer learned of the non-payment, he deposited the wages, plus interest and court costs with the court. The trial court concluded that awarding the penalty in these circumstances would be inequitable. The question for the Court was whether the Act required the imposition of the penalty. In upholding the trial court, the Louisiana Supreme Court stated that "[t]he language of the Act 150 of 1920 is not so peremptory as to forbid an equitable defense against the penalty".

The Louisiana Supreme Court, in other cases, has said that the "act does not preclude equitable defenses"[13] and that the penalty provision "may be open to equitable defenses".[14] In the most recent comment concerning the penalty provision, the Court stated that "a good-faith nonarbitrary defense to liability for unpaid wages, i.e., a reasonable basis for resisting liability, ... permit[s] the court to excuse the employer from the imposition of the additional penalty wages".[15] We find further support for Mr. Batiansila's position in *Mason v. Norton*,[16] in which the Court amended a judgment to include the penalty wages without any discussion of whether there had been a showing of bad faith.

Thus, the Louisiana Supreme Court cases hold only that courts are *permitted* to excuse the employer from the imposition of penalty wages when a good faith, nonarbitrary defense to liability is shown to exist. This does not mean that the employee must show bad faith.[17] To so hold would turn this equitable exception on its head. There are no Louisiana Supreme Court cases even implying that the employee must prove bad faith in order to receive the penalty wages. We find that the burden of proof is on the defendant to show that it has an equitable defense.[18]

## CONCLUSION

This case is primarily concerned with age discrimination. Mr. Batiansila, however, also claims wages allegedly due under La. R.S. 23:631 and 632. From a review of the record, it is clear that the parties proceeded under the assumption that La.R.S. 23:631 *et seq.* applied to the bonus. ACS waived the issue of the applicability of La.R.S. 23:631 by not raising it in the district court. Thus, we are precluded from considering it.

Based on a review of the treatment of the penalty provisions of La.R.S. 23:632 by the Louisiana Supreme Court, we conclude

1982); *Jones v. LeBlanc,* 263 So.2d 119 (La.App. 1st Cir.1972) (penalty appropriate because defendants did not raise any equitable defense); and *Jarrett v. Climatrol Corp.,* 185 So.2d 63 (La.App. 4th Cir.1966) (penalty appropriate because no equitable defense shown to exist).

**12.** 160 La. 213, 106 So. 831 (1926).

**13.** *Strickland v. American Pitch Pine Export Co.,* 224 La. 949, 71 So.2d 338, 339 (1954).

**14.** *Elliott v. General Gas Corp.,* 229 La. 128, 85 So.2d 55, 57 (1955).

**15.** *Carriere v. Pee Wee's Equipment Co.,* 364 So.2d 555, 557 (La.1978).

**16.** 360 So.2d 178 (La.1978).

**17.** Of course, the employee must prove the elements of his claim in order to get penalty wages. Those elements are: the wages were due and owing; demand for payment was made at the place where he was usually paid; and the employer failed to pay following demand. *Thomas v. DeJohn's Plumbing & Heating Co.,* 380 So.2d 161 (La.App. 1st Cir.1979); *Carey v. Orleans Ins. Co.,* 337 So.2d 317 (La.App. 4th Cir.1976); *Otwell v. Howard Lumber & Supply Co.,* 283 So.2d 826 (La.App.2d Cir.), *writ denied,* 286 So.2d 364 (La.1973).

**18.** We do not need to consider whether ACS met this burden. Implicit in the district court's award of penalty wages is a finding that this burden was not met. On appeal, ACS has contended only that Mr. Batiansila *did not show bad faith.* ACS did not argue alternatively that it had met its burden of showing good faith.

that the defendant bears the burden of proving that it has an equitable defense to the imposition of penalties.

Mr. Batiansila has asked this Court to remand this case for further proceedings to determine the amount of attorney fees due Mr. Batiansila for his appeal. Louisiana courts have consistently held that the statutory award of attorney fees includes those fees incurred by an employee for defending an appeal.[19] Therefore, the judgment of the district court is AFFIRMED and this case is REMANDED to the district court so that the judgment may be amended to include the reasonable attorney fees incurred in defending this appeal.

---

**19.** *See, e.g., Garrison v. Burger King Corp.,* 537 So.2d 834 (La.App. 5th Cir.1989); *LeDoux v. Bay State Management Corp.,* 499 So.2d 945 (La.App. 3d Cir.1986); *Magee v. Engineered Mechanical Services, Inc.,* 415 So.2d 277 (La.App. 1st Cir. 1982), *writ denied,* 420 So.2d 455 (La.1982).