926 So.2d 606 (2006)
R.M. JACKSON
v.
HOUSING AUTHORITY FOR The PARISH OF ST. JAMES.
No. 05-CA-665.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 2006.
*607 Robert A. Barnett, Guste, Barnett & Shushan, L.L.P., New Orleans, Louisiana, for Plaintiff/Appellant.
Michael K. Heltz, Kliebert and Heltz, Gramercy, Louisiana, for Defendant/Appellee.
*608 Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY, and FREDERICKA HOMBERG WICKER.
JAMES L. CANNELLA, Judge.
In an employment termination case, the Plaintiff, R.M. Jackson, appeals from a judgment dismissing her suit against the Defendant, the Housing Authority for the Parish of St. James (Housing Authority) for breach of contract, damages and unpaid wages. We affirm.
Jackson was hired by the Housing Authority in March of 1998 as its Executive Director. The parties executed a three-year contract of employment, which commenced on March 16, 1998 and ended on March 31, 2001. On October 24, 2000, she received written notice that a specially convened meeting was to be held by the Board of Commissioners (the Board) of the Housing Authority on October 26, 2000 to discuss her continued employment. Jackson and her counsel appeared at the meeting, but were not allowed to participate in the discussion. Following discussion, the Housing Authority terminated her "without cause" based on the contract. No reason was given for the termination at that time, but the trial facts established that the Housing Authority had received complaints about Jackson's performance from employees of the Department of Housing and Urban Development (HUD), who threatened to cut off federal funding if she were not terminated. The Housing Authority issued Jackson's final paycheck on October 30, 2000 and gave it to her in person on November 1, 2000 at the Housing Authority's office. Jackson subsequently sent two demand letters to the Housing Authority seeking unpaid wages and benefits due under the contract of employment. When the Housing Authority failed to respond, on November 21, 2000, Jackson filed a suit seeking damages for breach of contract and unpaid wages, including vacation and sick leave pay. A judge trial was held on August 20, 2004, during which Jackson asserted that she was denied due process in the hearing on the termination, and for the first time, raised the issue of the unconstitutionality of the employment contract provision which allowed her to be terminated without cause.
On January 14, 2005 the judgment was rendered in favor of the Housing Authority. The trial judge found that the Housing Authority did not breach the employment contract because the contract permitted Jackson to be terminated "with" or "without" cause, and that the Housing Authority had paid her all of the wages and vacation pay owed. The trial judge also found that, based on the contract and the employee policy manual, sick leave was not payable upon termination of employment. Thus, no payments for accrued sick leave were due.
On appeal, Jackson asserts that the trial judge erred in failing to find that the special meeting was improperly called and conducted, that she was improperly excluded from participation in the meeting, and that she was denied due process relative to her termination at the meeting. Jackson also asserts that the trial judge erred in failing to find that she had no property right in her expectation of continued employment under the contract terms, that she is entitled to damages, and that the trial judge abused his discretion. Further, she asserts that the unilateral "without cause" clause in the contract is unconstitutional as applied and should be severed from the employment contract. Finally, Jackson asserts that she is due attorney's fees for unpaid wages and benefits.

*609 PROPRIETY OF THE PROCEEDINGS
Jackson cites several cases in support of her allegation that she was denied due process by her inability to respond to the charges of incompetence asserted against her at the meeting by employees of HUD. However, the cases she cites are not applicable. Jackson is an unclassified employee. The cases all involve either classified civil servants, and/or did not involve contracts containing a termination "without cause" clause.[1]
The basis of Jackson's termination is a contractual provision. The contract provides that she will receive, inter alia, the use of a car, and all expenses related to travel to and from work and other travel and repair expenses, medical insurance coverage, 15 days of vacation per year, and "termination pay, sick leave, and other benefits as set out forth in the personnel policy manual of the Housing Authority for regular employees." Employee Contract, Section 5(d). The Employment Contract, Section 9 provides for termination. It states:
The employee may not be terminated during the Term of this Agreement except upon written notice and for cause. Cause shall include, but not be limited to the following:
a) Serious offenses as defined in Section VII of the Employer's Personnel Policy.
b) The Employee shall be provided a reasonable opportunity to correct any deficiencies prior to any notice of termination. The time-frame and conditions for correcting said deficiencies shall be established by the Board of Commissioners. The language set forth in this paragraph shall in no way limit the Employer's authority to discontinue the employment of the Employee at the conclusion of the term described in paragraph 2 above.
(c) The Employee shall be entitled to the following severance pay, exclusive of vacation and sick time, should she be terminated for reasons other than "for cause" prior to the conclusion of the "term" described in paragraph 2 above....
* * * *
The contract sets out the amount of severance pay for various periods of employment. Jackson was entitled to and received one month's severance pay. Section 9(c) clearly envisions the possibility that the Housing Authority might choose to terminate the Plaintiff "without cause." That means without any reason whatsoever. In that event, severance pay is the penalty that the Housing Authority agreed to as compensation for discharging Jackson prior to the completion of the term.
In Corbello v. Iowa Production, 02-0865, p. 6 (La.2/25/03), 850 So.2d 686, 693, the Supreme Court restated the basic principles of contract law:
Since a contract establishes the law between the parties, the purpose of contract interpretation is to determine the common intent of the parties. The meaning and intent of the parties to a written instrument should be determined within the four corners of the document and its terms should not be explained or contradicted by extrinsic evidence. When a contract is subject to interpretation from the four corners of the instrument, without the necessity of *610 extrinsic evidence, that interpretation is a matter of law. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation need be made into the parties' intent. Further, parties are free to contract for any object that is lawful, possible, and determined or determinable.
See also: Lee v. First Nat. Bank of Commerce, 04-659, p. 8 (La.App. 5th Cir.2/15/05), 893 So.2d 1030, 1034-1035.
Jackson testified that she provided input into the contract provisions. She requested and received medical insurance, an automobile for work travel, and related automobile expenses. Jackson read and signed the contract. There is no evidence that she did not understand the contract. Furthermore, the contract is not ambiguous. As such, no further inquiry is necessary into the intent of the parties. Jackson is bound by the provisions of the contract which she agreed to when she was hired. Despite this, she insisted at trial that she was treated unfairly. She testified that she counted on being employed for three years and had performed her job competently. She felt that she should have been allowed to defend her performance at the Board's meeting. She also contends that the manner in which the meeting was called and conducted violated both her due process rights and the open meeting requirements of public bodies, set out in La. Const. Art. XII, Sec. 3. She also claims that the "without cause" provision is unconstitutional.
Jackson's job performance, the constitutional provision cited, and the argument related to the constitutionality of the "without cause" clause are irrelevant. This is simply an employment contract case. There are no issues of due process, constitutional, or open meeting laws. Jackson signed and agreed to the terms of an employment contract which she was free to refuse. Protections are afforded in the contract to an employee that the Board may possibly consider terminating "for cause." A penalty (compensation) is provided in favor of an employee terminated "without cause." No reason is necessary for an employer to terminate an employee "without cause," and such provisions in employment agreements are not against the public policy of Louisiana or the federal law. Thus, since the Housing Authority did not terminate Jackson "for cause," it had no duty under the contract or the law to afford her an opportunity to discuss the matter at the Board meeting, nor was it prohibited from terminating her at will. Furthermore, the evidence shows that Housing Authority paid Jackson severance pay of one month, thereby satisfying its obligation. Accordingly, we find that the trial judge did not err in finding that Jackson was not denied due process in the termination procedure, or that the contract was unenforceable.

DAMAGES, PENALTIES AND ATTORNEY'S FEES
Jackson next argues that she is entitled to damages for the early termination of her contract. Based on our conclusion that she was terminated legally in accordance with her contract, no damages are due for breach of contract.
Jackson also argues that she is entitled to penalties and attorney's fees for the Housing Authority's delay in paying her wages, under La.R.S. 23:631 and 23:632. She contends that the Housing Authority did not pay her until six days after she was terminated on October 26, 2000, instead of the 3 days provided for in R.S.23:631. Because her termination was allegedly improper, she also contends that she is entitled to nine additional hours of vacation leave pay and unused sick leave pay.
*611 Under the pertinent provisions of La. R.S. 23:631 A. (1)(a)[2] in effect at the time Jackson was terminated, when an employee was discharged (as opposed to the employee's resignation,) the employer was required to pay "the amount then due under the terms of employment, . . . not later than three days following the date of discharge." Unless the payment was mailed with pre-paid postage and self-addressed, the payment was to be made at the place and in the manner which had been customary during the employment. R.S. 23:631 A. (2).
La.R.S. 23:632 provides as follows for penalties and attorney's fees when an employer fails to comply with R.S. 23:631:
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.
In order to recover "penalty" wages, Jackson must prove the elements of the claim: that the wages were due and owing, that a demand for payment was made at the place where she was usually paid, and that the employer failed to pay following demand. Batiansila v. Advanced Cardiovascular Systems, Inc. 952 F.2d 893, 897, footnote 17 (C.A.5 (La.), 1992), citing, Thomas v. DeJohn's Plumbing & Heating Co., 380 So.2d 161 (La.App. 1st Cir.1979); Carey v. Orleans Ins. Co., 337 So.2d 317 (La.App. 4th Cir.1976); and Otwell v. Howard Lumber & Supply Co., 283 So.2d 826 (La.App. 2nd Cir.), writ denied, 286 So.2d 364 (La.1973).
Jackson was terminated at the end of the meeting on October 26, 2000, a Thursday. Payment of her wages was due no later than Monday, October 30, 2000, and was issued on that date.[3] It was picked up by her on November 1, 2000. There was no evidence that she made any demand for wages prior to that date. Jackson's demands for further payment of wages due were made by letter after she had received her final paycheck on November 1, 2000. Furthermore, the evidence shows that Jackson was paid all amounts due in her final paycheck.

1) Vacation Time:
Under the contract, Jackson was entitled to 15 days of vacation time per year for a three year period. One year equals 120 hours (eight hours per day times 15 days per year.) Three years equals 360 hours. The Plaintiff had been paid for 40 hours of vacation time prior to her termination. Thus, if she was entitled to the full three years of vacation pay, she would have been owed 326 hours. However, she did not complete her third year, and had actually earned 310 hours of vacation time. The Defendant paid her a total of 369.26 hours (40 hours for time used, and another 329.26 hours.) The amount the Defendant paid the Plaintiff exceeded the amount what she was owed by 59.26 hours *612 for the time she actually worked, or nine hours for the full three years. Thus, she was overpaid for vacation time, and is clearly not owed any further amounts.

b) Sick Leave:
The contract provides that Jackson shall receive sick leave as set forth in the personnel policy manual. Thus, the policy manual forms part of the employment agreement. The manual states that sick leave benefits are available only if the employee is sick or has a medical or dental appointment. Although the amount of unused sick leave time is accrued from year to year, the employee is not entitled to payment for unused sick leave time when the employee terminates employment with the Housing Authority. Sick pay begins on the first day of any proven illness, and during sickness, the accumulation of days may be drawn upon to substitute for regular pay that was not being earned due to the employee's absence from illness. There was no evidence that Jackson had not been paid for any sick days that she used due to illness. She argues that she "understood" that she was to be paid for unused sick time in the event of her termination. As we have already found, Jackson and the Housing Authority are bound by the contract of employment. Under the contract, she is not entitled to pay for unused sick time. Thus, the trial judge did not err in denying this claim.

c) Attorney's Fees:
Jackson asserts that she is entitled to attorney's fees. However, she had no valid claim for unpaid wages, or employment benefits. The Housing Authority paid her more than the sums owed to her upon her discharge. Under these facts, Jackson is not entitled to attorney's fees as the suit was not well-founded. See: R.S. 23:632.

DECREE
Accordingly, the judgment of the trial court is hereby affirmed. Costs of appeal are to be paid by Jackson.
AFFIRMED.
NOTES
[1] Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 Ed.; Riggins v. Department of Sanitation, 617 So.2d 112 (La.App. 4th Cir.1993); Webb v. Department of Safety & Permits, 543 So.2d 582 (La.App. 4th Cir.1989); Williams v. Sewerage and Water Bd., 04-0025 (La.App. 4th Cir.5/19/04), 876 So.2d 117.
[2] It has since been amended in 2001 and 2003.
[3] See: La.C.C.P. art. 5059.