# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30864
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2020

Lyle W. Cayce
Clerk

MICHAEL L. SPRIGGS,

  Plaintiff–Appellant,

v.

HANCOCK WHITNEY CORPORATION,

  Defendant–Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-726

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

  Michael Spriggs sued Hancock Whitney Corporation for unpaid wages purportedly derived from his accrued sick leave. The district court granted summary judgment in favor of Hancock, and Spriggs appealed. We AFFIRM.

I

  Spriggs worked for Harrison Finance Company, a wholly owned subsidiary of Whitney Bank, which was itself a subsidiary of Hancock Holding Company (now Hancock Whitney Corporation) during Spriggs's employment.

---

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30864

Hancock offered vacation and sick leave benefits to employees of its subsidiaries, including those at Harrison Finance.

On January 1, 2018, Hancock revised its sick leave policy by removing a provision that had previously allowed accrued sick leave to be rolled over from year to year. However, Hancock allowed eligible employees to keep their unused sick leave balance as a discrete subcategory of sick leave termed "accrued leave." As revised to match the new policy, the employee handbook made clear that "[t]he Sick Leave policy and eligibility applies to" an employee's balance of accrued leave. Both before and after this revision, the policy also clarified that sick leave would not be paid out upon an employee's separation from the company.

Another company eventually purchased Harrison Finance from Hancock. As part of the sale, all then-current Harrison Finance employees (including Spriggs) received an email explaining what would happen to their benefits. It reiterated Hancock's sick leave policy and stated that sick and accrued leave were "not eligible to be paid upon separation from the [C]ompany." On his final day of employment under Hancock, Spriggs had 1020 hours of accrued leave.

Spriggs believed he should have been reimbursed for his accrued leave and sued Hancock for unpaid wages, penalty wages, and attorney fees under the Louisiana Wage Payment Act ("LWPA"). *See* LA. R.S. § 23:631, 633, 634. Both parties moved for summary judgment and the district court granted Hancock's motion. Spriggs appealed.

II

Federal district courts can hear cases where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. That is the case here. In such matters, federal district courts apply the substantive law of the state in which they sit—here, Louisiana. *Baron Tube*

*Co. v. Transport Ins. Co.*, 365 F.2d 858, 860 (5th Cir. 1966). And we have jurisdiction to review the decisions of district courts sitting in diversity. 28 U.S.C. § 1291. We review grants of summary judgment de novo and can affirm "on any ground supported by the record." *United States v. Mazkouri*, 945 F.3d 293, 307 (5th Cir. 2019).

Spriggs argues that this matter is controlled by *Beard v. Summit Institute for Pulmonary Medicine and Rehabilitation, Inc.*, 97-1784 (La. 3/4/98); 707 So. 2d 1233. In *Beard*, Louisiana's highest court ruled that "[w]hen an employer agrees to pay employees for unused vacation time as a condition of their employment, that accrued vacation pay is compensation" and thus constitutes wages under the LWPA. However, Spriggs's complaint does not deal with vacation leave. The record makes clear that Spriggs's accrued leave, contrary to his protestations, is rolled-over sick leave. The district court thus properly relied on Louisiana caselaw which held that sick leave does not constitute unpaid wages when an employer's policy states that such leave is not payable on termination. *Calamia v. Core Labs., LP*, 17-635, p. 13–14 (La. App. 5 Cir. 5/30/18); 249 So. 3d 1038, 1047; *Jackson v. Hous. Auth. for the Par. of St. James*, 05-665, p. 9 (La. App. 5 Cir. 3/14/06); 926 So. 2d 606, 612.

Spriggs also argues that Hancock's January 1, 2018 revision of the sick leave policy constituted a "unilateral change in policy that resulted in forfeiture of [his] accrued leave." But Hancock's employee handbook clearly stated before and after revision that sick leave was not payable on termination. So Hancock's change in policy did not cause Spriggs to forfeit any reimbursable benefits.

AFFIRMED.